28770. BLUE BELL GLOBE MANUFACTURING COMPANY *v.* BAIRD.

DECIDED FEBRUARY 7, 1941.

*H. W. Davis, Neely, Marshall & Greene,* for plaintiff in error.
*G. P. Martin, Joe Quillian,* contra.

FELTON, J. This is the second appearance of this case in this court. See *Blue Bell Globe Manufacturing Co.* v. *Baird,* 61 *Ga. App.* 298 (6 S. E. 2d, 83). Before the remittitur from this court was made the judgment of the lower court the plaintiff below amended his petition by eliminating from it all allegations as to loss of earning capacity, so that the petition as amended seeks recovery at common law on the theory that such an action lies for an accidental injury to an employee who together with his employer have accepted the provisions of the workmen's compensation act in a case where the injury does not result in loss of earning capacity and in which no specific provision for compensation is made irrespective of the loss of earning capacity. The defendant filed demurrers, one of

which was to the effect that under the Code, § 114-103, the plaintiff was debarred from prosecuting the suit. The court overruled the demurrers, and the defendant excepted.

The Code, § 114-103, provides: "The rights and remedies herein granted to an employee where he and his employer have accepted the provisions of this Title, agreeing respectively to accept and pay compensation on account of personal injury or death by accident, shall exclude all other rights and remedies of such employee, his personal representative, parents, dependents or next of kin, at common law or otherwise, on account of such injury, loss of service or death." It is conceded that the injury sued for was an accidental injury arising out of and in the course of employment. Under the plain and unambiguous terms of the foregoing Code section we can but hold that when an employee voluntarily comes under the provisions of the act, which he is conclusively presumed to do in the absence of an election not to come under it, he in effect agrees that if he is injured by accident, such as is contemplated by the act, which includes injuries for which the employer would not be liable at common law, he will waive all of his rights to sue at common law or otherwise, and rely solely on the recovery provided for him under the workmen's compensation act. An employee may recover compensation for an accident arising out of and in the course of his employment when it results in diminished earning capacity where the injury does not involve a loss covered by Code, § 114-406, and he may recover compensation if his injury involves a loss covered by the Code, § 114-406, whether it actually results in partial incapacity or not. This section conclusively presumes partial incapacity from losses therein named.

It is contended by the defendant in error that because the injury in this case did not result in a diminished earning capacity and is not provided for in Code, § 114-406, a common-law suit may be maintained to recover therefor. Under the terms of the Code, § 114-103, it is clear that the legislature intended to confine an employee to his remedies under the act for every accident, in cases where he comes under the act. The section is susceptible to no other construction, and we can not by reason of its harshness or injustice alter its plain and unambiguous meaning. If the legislature through oversight has omitted provision for accidental injuries which it should have included, it is its function, exclusively,

to supply the omission. The following cases support this conclusion: *Reid* v. *Lummus Gin Co.*, 58 *Ga. App.* 184 (197 S. E. 904) ; *Holliday* v. *Merchants & Miners Transportation Co.*, 32 *Ga. App.* 567 (124 S. E. 89) ; *McCoy* v. *Southern Lumber Co.*, 38 *Ga. App.* 251 (143 S. E. 611) ; *Horn* v. *Planters Products Co.*, 40 *Ga. App.* 787 (151 S. E. 552) ; *Maloney* v. *Kirby*, 48 *Ga. App.* 252 (172 S. E. 683) ; *Hockmuth* v. *Perkins*, 55 *Ga. App.* 649 (191 S. E. 156) ; *Patterson* v. *Curtis Publishing Co.*, 58 *Ga. App.* 211 (198 S. E. 102). And see *Georgia Casualty Co.* v. *Jones*, 156 *Ga.* 664, 667 (119 S. E. 721), where it is stated: "If the act works unscientifically, absurdly, or unjustly, that is for the legislature to correct." The statement by this court in its former decision in this case to the effect that the loss of hearing in one ear, which did not diminish earning capacity was *not included* within the workmen's compensation act, is not significant and simply means that there is no provision in the act for compensation for such an injury. This court did not mean to imply that since there could be no compensation for such an injury a suit at common law would lie. The ruling of the Supreme Court in *Covington* v. *Berkeley Granite Cor.*, 182 *Ga.* 235 (184 S. E. 871) is not contrary to what is herein held because the injury in that case was not such an accident as is contemplated by the workmen's compensation act.

The court erred in overruling the demurrer.

*Judgment reversed. Stephens, P. J., and Sutton, J., concur.*