## 29407. BLAKELY *v.* UNITED STATES FIDELITY AND GUARANTY COMPANY *et al.*

DECIDED JULY 11, 1942. REHEARING DENIED JULY 22, 1942.

*James W. Smith, DeLacey Allen,* for plaintiff.

*Wilson, Bennett, Pedrick & Bennett,* for defendants.

SUTTON, J.   On a hearing of a claim for compensation filed with the Industrial Board against Sanders-Perkins Construction Company, alleged employer, and United States Fidelity & Guaranty Company, insurance carrier, the single director made an award in favor of the claimant, and this award was affirmed by the full board. On appeal by the defendants to the superior court the appeal was sustained and the award set aside. . To the judgment of the superior court the claimant excepted.   From an inspection of the record and brief of counsel for the defendants all the facts necessary to support an award in behalf of the claimant are admitted except as to the claimant's husband being an employee of the construction company.   The sole question presented for determination before the director, the superior court, and this court is whether or not the claimant's husband was, at the time of his death, an employee of the construction company or was the employee of an independent contractor.

The following appears from the evidence:   Sanders-Perkins Construction Company was engaged in business as a road construc- 'tion contractor.   After completing certain contracts it was found that the company had certain equipment at Hazlehurst in Jeff Davis County, Georgia, and at other points, which it desired to have moved to its headquarters in Hinesville, Georgia.   Some of this equipment had been hauled by one Roy Vondo at a contract price of $20 a load.   J. H. Melder worked for the company in the capacity of foreman, and part of his duties consisted in hiring employees for such construction work as the company might be engaged in.   When the company had a contract in process Melder was paid $46 per week.   During the times when the company was not engaged in construction work Melder was retained on the pay roll but was paid only $30 per week.   Melder owned a truck, which he sometimes rented to the company but which was idle, and approached the company with a request that he be allowed to haul some of the aforementioned equipment at the same price as was being paid Vondo. . They entered upon a contract whereby Melder was to haul, for a fixed sum of $40, two loads of equipment from

Hazlehurst to Hinesville, Melder to furnish his own truck, engage and pay for all necessary help in moving the equipment. No definite time was set for the delivery of the equipment, and the company had no control and reserved no right of control as to the time or method of hauling the equipment or as to what employees should be engaged to assist in the removal thereof. Melder hired Tyre Blakely, the deceased husband of the claimant, to go with him and others to Hazlehurst to move the equipment to Hinesville. Blakely had previously worked for the construction company. On January 9, 1941, he worked two hours, and on occasions thereafter, the last day he worked being February 20, 1941. Since that time he had worked in Glynn County, cutting pulp wood for a Mr. Paulk. Melder, on Sunday, March 9, 1941, went to Glynn County and engaged him and another to assist him in hauling the two loads of equipment above mentioned. After the equipment had been loaded on Melder's truck at Hazlehurst on that Sunday and was being hauled to Hinesville, a wreck occurred near Jesup and Blakely was killed.

"Under the Georgia statute and decisions, the test to be applied in determining whether the relationship of the parties under a contract for the performance of labor is that of employer and servant, or that of employer and independent contractor, lies in whether the contract gives, or the employer assumes, the right to control the time, manner, and method of executing the work, as distinguished from the right merely to require certain definite results in conformity to the contract." *Yearwood* v. *Peabody*, 45 *Ga. App.* 451 (2) (164 S. E. 901). See also *Cooper* v. *Dixie Construction Co.*, 45 *Ga. App.* 420, 425 (165 S. E. 152); *Bentley* v. *Jones*, 48 *Ga. App.* 587, 590 (173 S. E. 737); *Swift & Co.* v. *Alston*, 48 *Ga. App.* 649, 650 (173 S. E. 741). "The fact that an employee is the general servant of one employer does not, as matter of law, prevent him from becoming the particular servant of another, who may become liable for his acts. And it is true as a general proposition that when one person lends his servant to another for a particular employment, the servant, for anything done in that particular employment, must be dealt with as the servant of the man to whom he is lent, although he remains the general servant of the person who lent him." 18 R. C. L. 784, § 244; *Bibb Mfg. Co.* v. *Souther*, 52 *Ga. App.* 722, 725 (184 S. E. 421); *Travelers Insur-*

*ance Co.* v. *Clark,* 58 *Ga. App.* 115, 122 (197 S. E. 650); *Henderson* v. *Nolling First Mortgage Cor.,* 184 *Ga.* 724, 740 (193 S. E. 347).

Applying the above-stated principles of law to the facts of the present case, a finding was demanded as a matter of law that in hauling the equipment in question Melder was acting as an independent contractor and the deceased was at the time engaged solely in serving him. The company exercised no control or right of control as to the time, manner, and method of executing the work, which was to be done for a fixed price of $40, the obligation being upon Melder to hire and pay the necessary helpers out of his own funds. The fact that Melder was retained on the pay-roll of the company at a reduced wage as foreman of the company's construction work which it might undertake, but as to which it was not at the time executing any contract, does not overcome the special status of Melder as an independent contractor in hauling the equipment as a special and distinct engagement for a fixed sum. It has been stated many times that the test of the relation of employer and employee is not that the particular work under consideration was done *within the period of employment,* but whether it was done *within the scope of and in the course of the employment.* The fact that the claimant's husband had worked on several occasions for the contracting company did not make him its regular employee. The evidence shows that since his last day's work for that company he had become the special employee of another in Glynn County in cutting pulp wood, and that in assisting in hauling the equipment from Hazlehurst to Hinesville on March 9, 1941, he had become the special employee of Melder, free from any control or right of control by the company. In these circumstances no liability for the payment of compensation on account of his fatal injury rested upon the contracting company or the insurance carrier. The evidence was not sufficient to authorize the award rendered by the single director and affirmed by the full board, and the superior court properly reversed the award of the Industrial Board.

*Judgment affirmed. Felton, J., concurs.*

STEPHENS, P. J., dissenting. While it is conceivable that a person may have a servant in his employ as a foreman or supervisor with the right and power to hire laborers for the employer, and may make an independent contract with such foreman or su-

pervisor by which such foreman or supervisor would, as respects the particular work be an independent contractor in performing such services for his employer, it does not follow as a matter of law, where such foreman or supervisor, as in the case here presented, was engaged or directed by his employer, as was Melder by the Sanders-Perkins Construction Company, to move the employer's own property, a concrete mixer and other property, which from its nature inferentially was essential to the performance by the employer of the work over which the foreman was supervisor, where such foreman or supervisor had authority to hire and employ men, although such foreman or supervisor may have used his own instrumentality, as his own truck in this case, to perform the work, and may have been paid by his employer a lump sum to do this work, and was himself to pay the laborers employed by him, that such foreman or supervisor, when directed or engaged to do such work by his employer was, in the performance of such work, not acting as foreman or supervisor of his employer, but was acting as an independent contractor.

Nowhere does it appear from the evidence that Melder's duties were other than those of a foreman and employer of laborers. One of the defendants, however, does testify that Melder was not supposed to hire people for the construction company on Sunday, March 9, which was the date the deceased was killed. This witness further testified that he did not know whether Melder was hiring anybody for the construction company on Sunday March 9. Construing this testimony most strongly against the defendant it does not show that Melder was not a foreman on the date the deceased was killed and did not have power on that date as such foreman to hire men for the defendant. The evidence is that there was no written contract between the defendant, the construction company, and Melder, and it does not appear from the evidence that there was any agreement by the construction company that there was no control as to the time or method of hauling the equipment, or what employees should be engaged by Melder in so doing. It is only a matter of inference, if any inference whatsoever of this nature is authorized, that the construction company had no control as to the time or method of hauling the equipment or what employees Melder should employ in hauling the equipment. The evidence shows only that Melder agreed with the construction com-

pany to haul this particular equipment for them at $20 per load. Nothing was contained in the agreement as to what employees Melder should hire or what control he should have over them. If he was foreman, as the evidence shows, all the time during his employment, which would include the Sunday on which the deceased was killed, he inferentially was acting as such foreman for the construction company in hauling the equipment, and whatever power and right he may have had to employ laborers or direct them in hauling the material, it was as foreman or agent of the construction company. The evidence is that Melder was drawing a weekly salary as foreman. This necessarily covered the seven days in the week whether or not it was customary for the company to do work on Sunday.

While such evidence might very strongly indicate that the relationship between the foreman or supervisor, as Melder here, and his employer, the construction company, was that of independent contractor, it nevertheless clearly authorizes an inference that Melder, when he employed Blakely, was foreman or supervisor with power to hire and fire as such for the Sanders-Perkins Construction Company, and that when he was engaged or directed to perform the service of moving the property belonging to the construction company, which was necessary to be used in its business, and which inferentially he, as the foreman or supervisor of his employer, the construction company, would, as foreman or supervisor, be under a duty to hire laborers to haul, in hiring the claimant's husband he acted, not as an independent contractor, but acted for his employer, the construction company, through himself as the company's foreman or supervisor to engage laborers for and in their behalf and with power to hire them. The mere fact that the construction company, Melder's employer, may have engaged Melder for a lump sum to do the specific hauling, and that Melder was to pay the necessary laborers and do the hauling, would not as a matter of law, in view of the other circumstances above narrated, constitute Melder an independent contractor. He could, as a foreman or supervisor for his employer, be directed to do this work and be paid therefor a fixed sum in addition to a salary which he was being paid for his work as foreman by the construction company, and out of this lump sum make the necessary payments for laborers, and apply the difference between the lump sum and the cost of

the laborers to his own use in payment for this work. The payment by the construction company of a sum of money to its foreman, Melder, for the performance of the particular work of hauling, in addition to Melder's weekly wages as foreman, does not necessarily deprive him of the status of foreman and render him an independent contractor. A servant may be paid by the job as well as by the time. He may be paid a lump sum for a special service as a servant. Melder furnished his own truck. Notwithstanding he may have been a foreman he was entitled to pay as hire for his truck. It is not inconsistent with his status as foreman that, while being on the pay-roll at reduced wages during the inactive period, he should be paid a sum in addition to his reduced wages for supervising this particular job of hauling.

As stated by Director Tucker, in his finding that Melder, in employing Tyre Blakely, was acting not as an independent contractor but as the agent or servant of the construction company: "As a matter of common justice, the dual capacity as foreman and independent contractor is so much of an interlocking, and so much apart from that justice which is contemplated by the beneficent terms of the compensation act, and, in fact, is so much of a wheel within a wheel, making difficult the expedient determination as to who is responsible for the injured workman, that it should not be allowed to survive. The Supreme Court of our State has held that, for the ordinary and logical administration of the compensation laws, an employer can not at the same time be recognized as an employee, and the same principle should be well established in regard to the dual capacity of an independent contractor who is at the time performing the duties of a general foreman."

The evidence was sufficient to authorize the finding that the claimant's husband was an employee of the construction company, through its general foreman or supervisor, Melder, and that Melder, in employing him, was not acting as an independent contractor. The evidence authorized the award, and the judge erred in sustaining the appeal and setting it aside.