32604. DELCHER BROTHERS STORAGE CO. *v.* REYNOLDS & MANLEY LUMBER CO.

DECIDED OCTOBER 28, 1949.

*Hitch, Morris, Harrison & Smith,* for plaintiff.

*Emanuel Lewis,* for defendant.

MacINTYRE, P. J. 1. The plaintiff's exception to the court's first ruling on the demurrer is futile and cannot be considered. "A plaintiff who submits to a ruling that his petition is subject to general demurrer, and that unless, within a designated time, it be so amended as to show a cause of action, the case on a named date will be dismissed, and who thereupon, in an effort to meet the ruling, amends his petition, will not thereafter be heard to say that the amendment was unnecessary." *Collins* v. *Myers,* 28 *Ga. App.* 457 (111 S. E. 686), *Lane* v. *The Murray Co.,* 63 *Ga. App.* 844 (12 S. E. 2d, 492), *Rome Railroad Co.* v. *Thompson,* 101 *Ga.* 26 (28 S. E. 429), *Clark* v. *Long,* 25 *Ga. App.* 807, 808 (105 S. E. 654), and citations. Whether or not the petition as originally filed stated a cause of action, the law

of the case as established by the ruling of the court, is that it does not, and the only question remaining is, therefore, did the amendment offered by the plaintiff meet the order of court and show that the towing of the Richards truck was within the scope of the business of the defendant Reynolds & Manley Lumber Company?

2. If it be conceded that Richards, the individual defendant, was an independent contractor, and counsel for the plaintiff makes the concession, and if the allegations of the amendment are construed most strongly against the pleader, as they must be on demurrer, the amendment does not meet the ruling of the court by showing "how, why and in what manner the act of towing the automobile [the truck?] of the individual defendant was within the scope of the employment of the corporate defendant [Reynolds & Manley]." The total effect of what is alleged in the amendment is that Richards, an independent contractor, borrowed Reynolds & Manley's truck and one of Reynolds & Manley's employees and Reynolds & Manley ratified his action. "'The master's responsibility cannot be extended beyond the limits of the master's work. If the servant is doing his own work or that of some other, the master is not answerable for his negligence in the performance of it.' Standard Oil Co. v. Anderson, 212 U. S. 215, 221 (29 Sup. Ct. 252, 53 L. ed. 480). 'It is well settled that the "fact that an employee is the general servant of one employer does not, as a matter of law, prevent him from becoming the particular servant of another, who may become liable for his acts. And it is true as a general proposition that when one person lends his servant to another for a particular employment (or hires him), the servant, for anything done in that particular employment, must be dealt with as the servant of the man to whom he is lent (or hired), although he remains the general servant of the person who lent him (or hired him)."' 18 R. C. L. 784." *Bibb Manufacturing Co.* v. *Souther,* 52 *Ga. App.* 722 (184 S. E. 421). The special master is alone liable to third persons for injuries caused by such wrongful acts as the special servant may commit in the course of his employment. *Reaves* v. *Columbus Electric & Power Co.,* 32 *Ga. App.* 140, 148 (122 S. E. 824). The amendment, therefore, negatives the idea that the driver of the truck was within the scope of Reynolds

& Manley's employment at the time of the injury. He was in the special employment of the defendant Richards, and Richards was admittedly not an employee of Reynolds & Manley. The court did not, therefore, err in sustaining the general demurrer to the petition as amended.

*Judgment affirmed. Gardner and Townsend, JJ., concur.*