34516, 34517. ADAMS *v.* JOHNSON *et al.;* and *vice versa.*

CARLISLE, J. 1. "Under general legal principles, it is well settled that the fact that an employee is the general servant of one employer does not prevent him from becoming the particular servant of another under special circumstances, and it is true, as a general proposition, that when one person lends or hires his servant to another for a particular employment, the servant, as to anything done in such employment, must be dealt with as the servant of the person to whom he is lent or hired, although he remains the general servant of the other person. In actions at common law, to recover damages alleged to have been caused by the servant of the defendant, the criterion by which to determine whether the relation existed as alleged is to ascertain whether, at the time of the injury, the alleged servant was subject to the defendant's orders and control and was liable to be discharged by him for disobedience to orders or for misconduct. *Brown* v. *Smith,* 86 *Ga.* 274 (12 S. E. 411, 22 Am. St. R. 456); *Reaves* v. *Columbus Power Co.,* 32 *Ga. App.* 140, 148 (122 S. E. 824); *Quinan* v. *Standard Fuel Co.,* 25 *Ga. App.* 47 (102 S. E. 543); *Greenberg & Bond Co.* v. *Yarbrough,* 26 *Ga. App.* 544 (106 S. E. 624). The same rules have been held to be applicable in determining the existence or non-existence of the relation of employer and employee in cases arising under compensation acts. *U. S. Fidelity &c. Co.* v. *Corbett,* 31 *Ga. App.* 7 (119 S. E. 921); *Zurich &c. Ins. Co.* v. *Lee,* 36 *Ga. App.* 248 (136 S. E. 173)." *United States Fidelity &c. Co.* v. *Stapleton,* 37 *Ga. App.* 707, 710 (141 S. E. 506).

2. Under the workmen's compensation law, a finding by the State Board of Workmen's Compensation on an issue of fact is conclusive if there be evidence to sustain it. *Maryland Casualty Co.* v. *Sanders,* 182 *Ga.* 594 (186 S. E. 693).

3. The findings of fact made by the trial director brought Oscar Johnson within the criterion stated in the *Stapleton* case, supra, and there is evidence, taken together with the reasonable inferences to be drawn therefrom, to sustain such findings, and under the foregoing authorities, the findings are conclusive, and the matter at an end.

*Judgment affirmed on main bill of exceptions; cross-bill dismissed. Gardner, P. J., and Townsend, J., concur.*

DECIDED APRIL 11, 1953—REHEARING DENIED MAY 2, 1953.

*John E. Drake, Custer & Kirbo,* for plaintiff in error.

*J. C. Hale, Thomas A. Clark, Bell & Baker, Frank S. Twitty,* contra.

Following a hearing on a claim for compensation brought by the widow of Oscar Johnson against E. H. Adams and Angus M. Harrison for Johnson's death, the trial director entered the following findings of fact:

"I find as a matter of fact that it was agreed and stipulated

that Oscar Johnson, deceased, was a regular employee of Angus M. Harrison but it is contended that Oscar Johnson was the employee of E. H. Adams at the time of his death.

"I further find as a matter of fact that Oscar Johnson suffered an injury by accident which resulted in his death in Taylor County, Florida, on May 13, 1950; however, the contract for employment was made in Georgia. The parties lived in Georgia but were to perform work both in the State of Georgia and in the State of Florida, giving the Georgia Workmen's Compensation Board jurisdiction of this case.

"I further find as a matter of fact that there is much conflicting evidence, possibly concocted schemes in an effort to defeat the intensive purposes of this act by these two employers, but by far the superior weight of credible evidence shows this employee to be the regular employee of the defendant Angus M. Harrison, but at the time of his injury the deceased as the special employee of E. H. Adams.

"I further find that E. H. Adams owned the lumber that was loaded on the truck and controlled the destination, time, manner, and execution of the work; to wit, the delivery of this lumber from his place of business to the buyer in Tampa, Florida.

"I further find that E. H. Adams gave this deceased employee his expense money and held him accountable to return any excess of expenses needed. Although the defendant, E. H. Adams, contended he was under contract to pay Angus M. Harrison $100 per load to deliver this lumber he failed to show any canceled checks or any credits on the books as to where he had credited this [that?] defendant with any payments whatsoever for these trips.

"I further find that this deceased's death arose out of an accident arising out of and in the course of his employment; to wit, on his return from the delivery of lumber while employed by defendant, E. H. Adams.

"I further find that Oscar Johnson, the deceased employee, left a widow, Rebecca E. Johnson, who is conclusively presumed to be dependent upon the deceased.

"I further find as a matter of fact that the deceased employee was making an average weekly wage of $35; that his widow

would be entitled to 85 percent of $17.50 which would be $14.87 per week for a period of 300 weeks, beginning one week from the date of death of the deceased employee, and will be further entitled to $225 to be applied on the funeral expenses of the deceased husband.

"I further find as a matter of fact and conclude as a matter of law this case is controlled by *Liberty Mutual Insurance Company,* et al. against *Kinsey,* et al., 65 *Ga. App.* 433 [16 S. E. 2d, 179], in which the court held: 'Under general legal principles, it is well settled that the fact an employee is the general servant of one employer does not prevent him from becoming the particular servant of another under special circumstances, and it is as a general proposition that when one person lends or hires his servant to another for a particular employment, the servant, as to anything done in such employment, must be dealt with as the servant of the person to whom he is lent or hired, although he remains the general servant of the other person.'

"The defendant, Angus M. Harrison, testified under oath that the responsibility of loading the truck, the destination and time of arrival, was left to Mr. Adams as all he contracted to do was furnish transportation; that he was not concerned with whether or not there was insurance on the lumber hauled but he was sure that his truck was insured.

"I further find as a matter of fact that neither one of these employers carried compensation insurance but both had ten or more regular employees and were under the jurisdiction of this Board. . .

"I further find as a matter of fact that at the time Oscar Johnson was injured he was not the employee of Angus M. Harrison. No evidence being [introduced] that this was a partnership this case should be dismissed as far as Angus M. Harrison is concerned."

Upon appeal to all the directors, the award of the trial director was affirmed, and, upon appeal from the board to the superior court, was again affirmed.