### 35110. YELLOW CAB COMPANY OF SAVANNAH *v.* COHEN.

Decided May 5, 1954.

Connerat, Dunn, Hunter, Cubbedge & Houlihan, E. O. Hunter, for plaintiff in error.

Benjamin Silverman, Lewis, Wylly & Javetz, contra.

FELTON, C. J. The court erred in overruling the general demurrer to the petition. The allegation that Hale paid $36 to the cab company's dispatcher for the passenger's fare for the time he used the cab and for driving the passenger's automobile after the exchange of vehicles was made is not an allegation of the ultimate fact that all of the money was paid to the dispatcher for the use and benefit of the cab company. It is only an allegation of an evidentiary fact, and any inference drawn would have to be against the pleader unless the fact pleaded demanded the inference that the money was paid for the cab company's use and benefit. But assuming for the sake of argument that the $36 was paid to the dispatcher for the use and benefit of the cab company, and that the cab driver was the general servant of the company, he was the special servant of the passenger if the passenger had the right to control the time and manner of the performance of the services and to discharge the person rendering the service from the particular employment for disobedience of orders or misconduct. Reaves v. Columbus Electric Co., 32 Ga. App. 140, 148 (122 S. E. 24). We think that the controlling fact in this case is the ownership of the automobile. Since there was no express contract as to the control to be exercised by the passenger, where the owner of an automobile hires a person to drive the owner's automobile for him, in the absence of an express contract to the contrary the law will presume that the owner of necessity reserves or possesses the rights of the complete authority of a master, whether the servant is hired by a contract between him and the car owner or between the driver and his general employer. This

seems to us to be too plain to admit of much discussion. It seems to us that it would be untenable to argue that in such a case the owner of the vehicle did not have authority not only to give instructions as to destination, but to give them in minute detail, even as to speed within legal limits, amount of air in tires, and even as to gears in which the vehicle might be operated. Many cases have been cited by the defendant in error but none involves similar facts. For instance, it has been held that a cab driver was the servant of his cab-company employer and not of a passenger even though the driver owned the cab. But even there the cab company had full control of the driver. Neither *Ellison* v. *Evans,* 85 *Ga. App.* 292 (69 S. E. 2d 94), nor *Atlanta Coach Co.* v. *Curtis,* 42 *Ga. App.* 639 (157 S. E. 344), is contrary to what is herein ruled. As defendant in error states that these cases are his best authority, we deem it unnecessary to cite others.

The court erred in overruling the general demurrer to the petition.

*Judgment reversed. Quillian and Nichols, JJ., concur.*