46592.  FORRESTER v. SCOTT et al.

JORDAN, Presiding Judge. This is a wrongful death case in which the mother of the deceased sued a subcontractor (a partnership) for damages resulting from the negligence of the defendants when her son was killed while employed by a general contractor. The deceased was alleged to be engaged in the performance of his duties at the bottom of a sewer excavation when the sides fell in on him and killed him. His death was allegedly caused solely by reason of the defective and unsafe condition of the construction of the excavation by the defendants, said partnership being a subcontractor of the general contractor. The defendants filed a motion for summary judgment contending that there is now pending before the State Board of Workmen's Compensation a claim by the plaintiff against the general contractor for the death of the deceased; and that the defendants, as subcontractors, are not such third persons against whom a common law action will lie. Attached to the motion for summary judgment is an affidavit of one of the defendants stating

that the defendants were subcontractors to the general contractor, engaged in ditch digging and grading; that the deceased was in the employ of the general contractor, and on the date of his death while defendants were engaged in the performance of ditch digging and grading contract for the general contractor, they "borrowed" the deceased from the general contractor to assist them; the general contractor loaned the deceased to the defendants and the deceased entered the ditch where he was killed which was prepared by the defendants, and that although the deceased was in the general employ of the general contractor, he was, due to the circumstances here at the time of his death, an employee of the defendants. The affiant further stated that the deceased was "a general servant and employee" of the general contractor loaned to the defendants "for a particular employment at the time of the accident" and was "under the supervision and direction" of affiant who had the right to direct and control the work . . . to direct him to do other work which was connected with the job and to discharge him from this particular employment either upon completion of the work or for his failure to properly carry out the work." The parties stipulated that a claim for workmen's compensation was pending against the general contractor and its insurer brought by the mother of the deceased.

The mother filed her affidavit to be considered on the motion for summary judgment in which she contends that her son was the employee of the general contractor at the time of his death which was caused by the "reckless disregard for the safety of her son," constituting a wilful tort by the defendants who had negligently constructed said ditch and were negligent in the laying of said sewer lines. The lower court sustained the motion for summary judgment. *Held:*

1. Affirmed. Under this statement of facts it is clear that the deceased employee though a general employee of Wise, the general contractor, was a "borrowed employee" of the defendants at the time of his death; that the rela-

tionship of employer-employee existed between them at the time of his death; that at such time and on the basis of such relationship he would be entitled to benefits under the Workmen's Compensation Act, thus precluding a common law tort action against the defendants.

In *Bli Constr. Co. v. Knowles,* 123 Ga. App. 588 (181 SE2d 879), we held that an employee of a subcontractor can maintain a common law action against the principal contractor based on negligence of the principal contractor. However, we do not have that situation in this case as the injury arose out of and in the course of the employment while claimant's deceased was employed as a special employee of the subcontractor, thus bringing the facts of this case under *Scott v. Savannah Elec. &c. Co.,* 84 Ga. App. 553, 556 (66 SE2d 179) which held as follows: "While the plaintiff was loaned to the defendant he was as to that company in doing the work, subject to their control, and occupied the position of a special employee, and as such he could recover for an accidental injury sustained by him arising out of and during the course of his employment only under the compensation law, and he could recover from either employer or from both, as the facts might justify, and in this connection see generally *U. S. Fidelity &c. Co. v. Stapleton,* 37 Ga. App. 707 (141 SE 506). The plaintiff, having elected to proceed against his general employer, the Savannah Machine & Foundry Company, and having recovered compensation from that employer, is now precluded from bringing any common law action against his special employer, the defendant, based upon any alleged negligence of that employer. The injury sustained was one arising out of and during the course of plaintiff's employment and as a result thereof and is therefore compensable. Where the injury sustained is one compensable under the compensation act and both the employer and employee are subject thereto and have not rejected its provisions, a common law suit on account of such injury is not maintainable by the employee against his employer, ei-

ther general or special. *Blue Bell &c. Co. v. Baird,* 61 Ga. App. 298 (6 SE2d 83). This was an accidental injury arising out of and during the course of the plaintiff's employment, and his only recourse was to proceed under the compensation act, which he has done. See *Blue Bell &c. Co. v. Baird,* 64 Ga. App. 347 (13 SE2d 105)."

The opposing affidavit to the effect that the deceased was "the employee of the general contractor" in no way conflicts with defendant's evidence that indeed he was a "general employee" of the general contractor, but at the time of his injury he was a "loaned" or special employee of the subcontractor, by whose negligence he was allegedly injured.

The trial court was correct in granting the defendant's motion for summary judgment.

*Judgment affirmed. Bell, C. J., Hall, P. J., Eberhardt, Pannell and Deen, JJ., concur. Quillian and Evans, JJ., dissent.*

SUBMITTED SEPTEMBER 15, 1971—DECIDED JANUARY 3, 1972.

*Robert E. Andrews,* for appellant.

*McClure, Ramsay & Struble, George B. Ramsay, Jr.,* for appellees.

EVANS, Judge, dissenting. "Ordinarily, when one lends his servant to another for a particular employment, the servant will be dealt with as a servant of the person to whom he is lent, although he remains the general servant of the person who lent him. *Travelers Ins. Co. v. Clark,* 58 Ga. App. 115, 122 (197 SE 650); *Blakely v. U. S. Fidelity &c. Co.,* 67 Ga. App. 795, 797 (21 SE2d 339). In *Fulghum Industries, Inc. v. Pollard,* 106 Ga. App. 49, 52 (126 SE2d 432), it was announced by this court that the test to be applied in ascertaining if one is a loaned servant is composed of three elements: '(1) that the special master must have complete control and direction of the servant for the occasion; (2) that the general master must have no such control; (3) that the special master must have the exclusive right to dis-

charge the servant, to put another in his place or to put him to other work.' This case puts the accent on the question of control. It might be well to observe here that the lack of control by the general master applies solely to lack of control as to the particular matter or occasion involved. The same is true of the rights of the special master to discharge the servant and to put another in his place. This applies only to the special matter or occasion. Ordinarily, one is not the servant of two masters, but the courts of this State have recognized the principle that one may be the servant of two masters and subject to the demands of both or either. See *Hotel Equipment Co. v. Liddell*, 32 Ga. App. 590, 592 (124 SE 92); *Allen v. Landers*, 39 Ga. App. 264, 265 (146 SE 794). Appellant relies upon *Bibb Mfg. Co. v. Souther*, 52 Ga. App. 722 (184 SE 421); *Carstarphen v. Ivey*, 66 Ga. App. 865 (19 SE2d 341); *Reaves v. Columbus Elec. &c. Co.*, 32 Ga. App. 140, 148 (122 SE 824)." *Merry Brothers Brick &c. Co. v. Jackson*, 120 Ga. App. 716, 719 (171 SE2d 924).

Under the authority of the general rules set out above, before a summary judgment can be legally granted in this case, holding that the loaned servant was at the time of his death *not the servant of his original employer*, but the servant of the special master to whom he was loaned, three questions must be answered in the affirmative, to wit: 1. Did the special master have complete control and direction of the servant for the occasion? 2. Did the general master have no control or direction over the servant for the occasion? 3. Did the special master have the *exclusive right* to discharge the servant, to put another in his place, or put the servant to other work?

The evidence submitted here of the loan of a servant who was "borrowed" fails to show that no genuine issue as to any material fact remained for jury determination. The affiant states that the servant was subject to his orders and control (under his supervision and direction) and that he had the right to discharge him from this particular employment either upon completion of the work or for his failure

to properly carry out the work. Yet he states that the servant was the general servant and employee of the general contractor at the time of the happening of said "accident." The questions of who paid the servant, who withheld the sums from his salary for the Internal Revenue Service, who paid workmen's compensation for his employment, and what was the contract of lend and borrow by and between the subcontractor and the general contractor are all questions which have not been answered here, and require a jury determination from evidence to be had on a trial. Rather, what we have here is similar to the facts in *Merry Brothers Brick &c. Co. v. Jackson,* 120 Ga. App. 716, supra, where the act of the servant was for the benefit of his general master (general contractor) when performing for the subcontractor. What if the performance by the deceased had been unsatisfactory to the subcontractor? Was he no longer employed by the general contractor? What if the general master had needed him elsewhere? Could the subcontractor have prevented his leaving this work and performing the work of the general contractor? The jury would be authorized (though not required) to find under all the facts here that on the occasion in question the deceased was a servant of both parties. The evidence did not demand a finding that he was a special employee of the subcontractor, and his injuries arose out of and in the course of this employment.

It is my opinion that the lower court erred in granting summary judgment for the movant, and I therefore dissent.

I am authorized to state that Judge Quillian concurs in this dissent.