## 46906. UNITED STATES FIDELITY & GUARANTY COMPANY et al. v. FORRESTER et al.

ARGUED JANUARY 31, 1972—DECIDED JUNE 22, 1972—
REHEARING DENIED JULY 24, 1972—

*Hopkins & Gresham, H. Lowell Hopkins,* for appellants.

*Robert E. Andrews,* for appellees.

EVANS, Judge. David Forrester was an employee of Charles D. Wise Construction Company, general contractor. He was loaned to Scott Brothers Construction Company, subcontractor on the job, and was killed in the course of employment that same day. The question here is as to whether his survivors may recover workmen's compensation from his employer, Charles D. Wise Construction Company, despite the fact that he was killed while on loan to the subcontractor.

The deputy director found that Charles D. Wise Construction Company had the right of control over Forrester during the loan period, and entered an award requiring Wise and its carrier to pay compensation. This award was affirmed by the full board and by the superior court.

The law is quite clear on the subject. In the case of *Fulghum Industries v. Pollard Lumber Co.,* 106 Ga. App. 49, 52 (126 SE2d 432), Judge Eberhardt, speaking for the court, held: "The law as to lent employees is well settled, the test being (1) that the special master must have complete control and direction of the servant for the occasion; (2) that the general master must have no such control; (3) that the special master must have the exclusive right to discharge the servant, to put another in his place *or to put him to other work. Brown v. Smith,* 86 Ga. 274 (12 SE 411, 22 ASR 456); *Adams v. Johnson,* 88 Ga. App. 94 (1) (76 SE2d 135) and citations." (Emphasis supplied.)

Again, in *Merry Bros. Brick &c. Co. v. Jackson,* 120 Ga. App. 716, 719 (171 SE2d 924), Judge Pannell, speaking for the court held: "Ordinarily, when one lends his servant to

another for a particular employment, the servant will be dealt with as a servant of the person to whom he is lent, although he remains the general servant of the person who lent him. *Travelers Ins. Co. v. Clark,* 58 Ga. App. 115, 122 (197 SE 650); *Blakely v. U. S. Fidel. &c. Co.,* 67 Ga. App. 795, 797 (21 SE2d 339). In *Fulghum Industries, Inc. v. Pollard,* 106 Ga. App. 49, 52 (126 SE2d 432), it was announced by this court that the test to be applied in ascertaining if one is a loaned servant is composed of three elements: '(1) that the special master must have complete control and direction of the servant for the occasion; (2) that the general master must have no such control; (3) that the special master must have the exclusive right to discharge the servant, to put another in his place *or to put him to other work.' This case puts the accent on the question of control."* (Emphasis supplied.) This court having adopted these three tests in these two pronouncements participated in by six judges of this court, is bound thereby until these cases are overruled. Before one can become the servant of another master to whom he is temporarily loaned *three tests must be met.* Failure to meet any of these three tests requires a finding that the servant is still the servant of his original employer.

What are the circumstances of this case in respect to these three tests? The testimony in the record shows that the servant was loaned for one specific purpose, to help Mr. Scott to get a pipe in a ditch on that day.

The record shows that Charles D. Wise, president of Charles D. Wise Construction Company, testified that on the day of Forrester's death, "he was my employee"; that Wise Construction Company paid Forrester from funds of the Charles D. Wise Construction Company for his services up until the time of his death; that he worked for Charles D. Wise Construction Company until the time of his death; on this particular day Wise assigned him to work over there with Mr. Scott; that Charles D. Wise, president, never thought of David Forrester as being anything but Wise's employee.

Joe Carswell, superintendent of the Charles D. Wise Construction Company, testified that he was the general superintendent on that job; that Mr. Scott (subcontractor) came up to Carswell and wanted to know if Carswell had a man that Carswell could loan him to help get a pipe in the ditch and Carswell replied "Yes, David is one of our best men." David was working directly under Joe Carswell; Joe Carswell was David's supervisor; he had worked for the general superintendent for several hours, probably a couple of hours, on that day before he was loaned to Scott; Carswell was overseer as to the work that Scott, the subcontractor, did; that Carswell's overseeing the job involved the whole job, everything that is involved *and if he had seen an error or something that Carswell wanted done differently then it was up to Carswell to speak out and he would have told Mr. Scott; that if Carswell had seen something that David was doing on Mr. Scott's job he would have done the same thing, advising him differently. If Carswell had something more pressing for Forrester to do "then I would naturally have to go get my man." Carswell could have gone and gotten David if he wanted to, if something had come up, he felt that Forrester was "still my employee."*

Although it is trite, let us say here again that the finding of the deputy director, approved by the full board, has the standing of a verdict by the jury; and under the "any evidence" rule, we must sustain that finding if there is any evidence to support it and the evidence must be construed most strongly toward supporting the verdict. *Ocean Accident &c. Corp. v. Farr,* 180 Ga. 266 (178 SE 728); *Maryland Cas. Co. v. Sanders,* 182 Ga. 594 (186 SE 693); *Wood v. Aetna Cas. &c. Co.,* 116 Ga. App. 284, 289 (157 SE2d 60); *Brady v. Royal Manufacturing Co.,* 117 Ga. App. 312, 315 (160 SE2d 424). There can be no question here but that Forrester was the employee of his original employer at the time of his death under this testimony and is entitled to workmen's compensation from that employer and his insurance carrier.

The three tests which have been laid down in the opinion

written by Judge Eberhardt and the opinion written by Judge Pannell previously cited are controlling. So long as the special master did not have complete control; so long as the general master or his superintendent had the right to go and get him or to correct him in the work he was doing, he remained the servant of his original employer, and, of course, it has not even been contended here that the third test has been met, that is, that Scott had the right to put Forrester "to other work," because the record makes it very clear that the servant was loaned for the specific purpose of helping to place a pipe in a ditch, and nothing more.

Therefore, I would affirm the trial court.

The court did not err in affirming the award of the board.

*Judgment affirmed. Quillian and Clark, JJ., concur. Pannell and Deen, JJ., concur specially. Bell, C. J., Hall P. J., and Eberhardt, P. J., dissent. Stolz, J., not participating.*

PANNELL, Judge, concurring specially. As stated by me in *Merry Bros. Brick & Tile Co. v. Jackson,* 120 Ga. App. 716, 719 (171 SE2d 924), "ordinarily one is not the servant of two masters, but the courts of this State have recognized the principle that one may be the servant of two masters and subject to the demands of both or either. See *Hotel Equipment Co. Liddell,* 32 Ga. App. 590, 592 (124 SE 92); *Allen v. Landers,* 39 Ga. App. 264, 265 (146 SE 794)."

I concurred in the case of *Forrester v. Scott,* 125 Ga. App. 245 (187 SE2d 323) and see no reason under the facts in that case, and this case, why the plaintiff could not be found to be the servant of both the general contractor and the subcontractor.

I do not construe the holding in *Forrester v. Scott,* 125 Ga. App. 245, supra, to be that evidence demanded that plaintiffs' deceased was the *sole* employee of the special master, but only that he was an employee. A careful reading of the majority opinion in that case, to me, shows that he can be the servant of both. I see no conflict in concurring in both decisions and in holding as I understand this court held in *Scott v. Savannah Electric &c. Co.,* 84 Ga. App. 553, 556 (66 SE2d 179).

I am authorized to state that Judge Deen concurs in this special concurrence.

EBERHARDT, Presiding Judge, dissenting. "In determining whether or not the relationship of master and servant prevails in a compensation case, the same principles that exist under the common law obtain . . . As stated in 18 RCL 784, § 244: 'The fact that an employee is the general servant of one employer does not, as a matter of law, prevent him from becoming the particular servant of another, who may become liable for his acts. And it is true as a general proposition that when one person lends his servant to another for a particular employment, the servant, for anything done in that particular employment, must be dealt with as the servant of the man to whom he is lent, although he remains the general servant of the person who lent him.'" *Travelers Ins. Co. v. Clark,* 58 Ga. App. 115, 121 (197 SE 650). Accord: *Adams v. Johnson,* 88 Ga. App. 94 (76 SE2d 135).

The common law rule is found in *Brown v. Smith,* 86 Ga. 274 (12 SE 411); *Ed Smith & Sons v. Mathis,* 217 Ga. 354 (2) (122 SE2d 97); *Cooper v. Plott,* 226 Ga. 647 (177 SE2d 82); *Greenberg & Bond Co. v. Yarbrough,* 26 Ga. App. 544 (106 SE 624); *Reaves v. Columbus Elec. &c. Co.,* 32 Ga. App. 140 (122 SE 824); *Bibb Mfg. Co. v. Souther,* 52 Ga. App. 722 (184 SE 421); *Delcher Bros. Storage Co. v. Reynolds & Manley Lmbr. Co.,* 80 Ga. App. 288, 292 (55 SE2d 864); *Yellow Cab Co. of Savannah v. Cohen,* 90 Ga. App. 104 (82 SE2d 27); *Fulghum Industries, Inc. v. Pollard Lmbr. Co.,* 106 Ga. App. 49 (126 SE2d 432); *Merry Bros. Brick &c. Co. v. Jackson,* 120 Ga. App. 716 (171 SE2d 924).

The representative of the same claimant, Mr. Forrester, was before us in a common law action in *Forrester v. Scott,* 125 Ga. App. 245 (187 SE2d 323) and we concluded in that case that at the time of his injury, applying the common law rule, he was a special servant of Scott Brothers Construction Company. The evidence in this compensation case is the same, or substantially so, and we can see no reason why we should now reach a different result. Accordingly,

the compensation proceeding should have been instituted against Scott Brothers instead of against the general employer, Charles D. Wise Construction Company.

My brothers Quillian and Evans, having dissented in *Forrester v. Scott,* are consistent in their position here, but I cannot understand how those who joined in the majority opinion can assume a contrary stance. A consistent position would place them with this dissent.

The judgment should be reversed.

I am authorized to state that Chief Judge Bell and Presiding Judge Hall join in this dissent.