27514. UNITED STATES FIDELITY & GUARANTY COMPANY et al. v. FORRESTER et al.

SUBMITTED JANUARY 8, 1973—DECIDED FEBRUARY 22, 1973.

*Hopkins & Gresham, H. Lowell Hopkins,* for appellants.
*Robert E. Andrews,* for appellee.

GRICE, Presiding Justice. We granted certiorari in this case, *U. S. Fidelity &c. Co. v. Forrester,* 126 Ga. App. 762 (191 SE2d 787), in order to reconcile an apparent conflict between it and an earlier decision of the Court of Appeals, *Forrester v. Scott,* 125 Ga. App. 245 (187 SE2d 323), and to clarify the rulings made therein in regard to actions against general and special employers to recover workmen's compensation.

The earlier decision (*Forrester v. Scott,* 125 Ga. App. 245, supra) dealt with a wrongful death action against the subcontractor brought by the mother of the deceased employee. The mother alleged that her son's death, while engaged in the performance of his duties at the bottom of a sewer excavation, was caused by the defective and unsafe condition of the construction of the excavation by the defendants, who were subcontractors of the general

employer.

Six judges concurred in the majority opinion, which affirmed the trial court's grant of summary judgment in favor of the subcontractor, based upon the ground that a claim against the general employer was then pending before the State Board of Workmen's Compensation.

The majority reasoned that although under the facts the deceased was a general employee of the general contractor, he was at the time of his death a "borrowed" employee of the subcontractor, and that his mother could recover from either employer, or both; but that since the injury sustained was compensable under the Workmen's Compensation Act, and the mother had elected to proceed against the general employer, a common law suit on the tort would not be maintainable against either the general or the special employer.

The two dissenting judges (Judge Clark did not participate, having been sworn in the date the case was decided) argued that before a summary judgment could be granted holding that the deceased was *not* the employee of the general employer at the time of his death, three tests or requirements set forth in *Fulghum Industries v. Pollard Lumber Co.,* 106 Ga. App. 49, 52 (126 SE2d 432) must be applied and met. Thus to determine that the deceased was a "loaned" employee it must be shown that (1) the special master had complete control and direction of the servant for the occasion; (2) the general master had no such control, and (3) the special master had the exclusive right to discharge the servant.

The later case (*U. S. Fidelity &c. Co. v. Forrester,* 126 Ga. App. 762, supra), involves the workmen's compensation claim. The majority opinion affirms the finding of a deputy director, approved by the full board of the State Board of Workmen's Compensation and affirmed by the Superior Court of Hall County, holding that based upon the evidence the general employer had the right of control over the deceased and entering an

award requiring the general contractor and its carrier, United States Fidelity & Guaranty Company, to pay compensation.

Although the appellants based their appeal on several grounds, alleging in essence that the facts did not support the award, that there was not sufficient evidence to warrant the award, and that the award was contrary to law, the majority, consisting of three judges, stated that the sole question involved was "whether or not the survivor of an employee loaned to a subcontractor and killed while in the course of and as a result of his employment, may recover from his general employer." 126 Ga. App. 762. The three tests set forth in the dissent in the earlier wrongful death case were applied here by the majority in reaching the result that the deceased was not a "loaned" employee and was entitled to compensation from the general employer.

Two judges concurring specially and three dissenting judges (Judge Stolz did not participate) were concerned with whether the majority opinion was inconsistent with the earlier decision.

The dissent interprets *Forrester v. Scott* as holding that at the time of the accident the deceased was a special servant of the subcontractor *only*. We think this too narrowly restricts the holding in that decision, however.

Rather, in our view, the construction made by the concurring judges, based upon earlier decisions of that court, that the deceased was not the sole employee of the special master, but only that he was an employee and could be the employee of both, is the proper one.

As stated in *Merry Bros. Brick & Tile Co. v. Jackson,* 120 Ga. App. 716, 719 (171 SE2d 924), "Ordinarily, one is not the servant of two masters, but the courts of this State have recognized the principle that one may be the servant of two masters and subject to the demands of both or either. See *Hotel Equipment Co. v. Liddell,* 32 Ga. App. 590, 592 (124 SE 92); *Allen v. Landers,* 39 Ga. App. 264,

265 (146 SE 794)."

Under the facts in the instant case, the deceased could have been found to be the employee of both the general contractor and the subcontractor, or either. Therefore his mother could not recover for his wrongful death in a tort action against the subcontractor.

This case is clearly analagous to, and controlled by, *Scott v. Savannah Electric &c. Co.,* 84 Ga. App. 553, 556 (66 SE2d 179), wherein the Court of Appeals held as follows: "While the plaintiff was loaned to the defendant he was as to that company in doing the work, subject to their control, and occupied the position of a special employee, and as such he could recover for an accidental injury sustained by him arising out of and during the course of his employment only under the compensation law, and he could recover from either employer or from both, as the facts might justify, and in this connection see generally *U. S. Fidelity &c. Co. v. Stapleton,* 37 Ga. App. 707 (141 SE 506). The plaintiff, having elected to proceed against his general employer, the Savannah Machine & Foundry Company, and having recovered compensation from that employer, is now precluded from bringing any common law action against his special employer, the defendant, based upon any alleged negligence of that employer. The injury sustained was one arising out of and during the course of plaintiff's employment and as a result thereof and is therefore compensable. *Where the injury sustained is one compensable under the compensation act and both the employer and employee are subject thereto and have not rejected its provisions, a common law suit on account of such injury is not maintainable by the employee against his employer, either general or special. Blue Bell &c. Co. v. Baird,* 61 Ga. App. 298 (6 SE2d 83). This was an accidental injury arising out of and during the course of the plaintiff's employment, and his only recourse was to proceed under the compensation act, which he has done. See *Blue Bell &c.*

*Co. v. Baird,* 64 Ga. App. 347 (13 SE2d 105)." (Emphasis supplied.)

Thus the finding of the majority in the instant case, that the plaintiff could recover under the Workmen's Compensation Act from the general contractor, in no way conflicts with the holding in *Forrester v. Scott,* 125 Ga. App. 245, supra, in light of the above quoted line of decisions. Moreover, there is no inconsistency between the holdings in the two cases when the broader interpretation of *Forrester v. Scott,* that of the concurring opinion in the instant case, is applied. Accordingly, we adopt that construction.

*Judgment affirmed. All the Justices concur, except Jordan, J., disqualified.*