48031. AVIS TRUCK RENTAL v. COGGINS et al.

EVANS, Judge. Henry Coggins sued Avis Truck Rental, Firestone Tire & Rubber Co., and Goodyear Tire & Rubber Co. for personal injuries and damage by reason of the explosion of a truck tire he was installing. He was employed by Gene White Tire Co. to change the tires owned by Avis Truck Rental. A tire blew up in his face and injured him. The tire was manufactured by Firestone and the wheel and "lock rim" were manufactured by Goodyear. He alleges the products were inherently and intrinsically dangerous and, prior to the injury, were under the complete control and supervision of the defendants. He further alleges the mishap would not have occurred but for defendants' negligence and failure to use proper care.

After discovery, Avis moved for summary judgment which was denied. Avis appeals. *Held:*

1. Avis contends that although plaintiff was the general employee of White, that Avis, on the occasion when he was injured, controlled the time, and method of his performance of the work assigned to him; and that as plaintiff has already collected workmen's compensation from his general employer, White, this operates as a bar to the collection of further compensation or damages from Avis, the special employer. Avis relies on the recent case of *Forrester v. Scott,* 125 Ga. App. 245 (187 SE2d 323), and urges that said case controls the situation here. Avis contends that plaintiff was a "borrowed employee" at the time of his injury and was entitled to benefits under the Workmen's Compensation Act which precludes the present tort action

against defendant Avis.

However, the record here, including the pleadings, discovery proceedings and testimony, plainly and conclusively establishes that plaintiff was not a "borrowed servant" nor any other kind of servant of Avis. Plaintiff's employer, White, sent him to the place of business of Avis to change its truck tires. He was White's servant for all of that time. Avis did not dictate the time when he should work, nor the method of working. Avis simply showed him where the tires were located and which ones were to be changed. As to plaintiff, Avis was a third person, and the statute is very clear that an injured employee may be entitled to collect workmen's compensation from his employer and at the same time may maintain an action in tort against a third party who is responsible for his injuries and damages. Code Ann. § 114-103 (Ga. L. 1972, pp. 929, 930); *Echols v. Chattooga Mercantile Co.,* 74 Ga. App. 18 (3) (38 SE2d 675). As to *Forrester v. Scott,* 125 Ga. App. 245, supra, relied upon by Avis, while it sets forth the law correctly, it is inapplicable to the facts in the case sub judice.

2. The trial judge correctly refused to grant a summary judgment to defendant Avis, and his judgment is affirmed.

*Judgment affirmed. Clark, J., concurs. Hall, P. J., concurs in the judgment only.*

SUBMITTED APRIL 4, 1973 — DECIDED APRIL 18, 1973 — REHEARING DENIED MAY 11, 1973.

*James T. McDonald, Jr.,* for appellant.
*Johnson & Bostic, Harris C. Bostic,* for appellee.