## 48779. TRAVELERS INSURANCE COMPANY et al. v. SWANEY.

PANNELL, Judge.

On March 29, 1971, appellee was moving a heavy table saw at his place of employment and attempting to place it on a dolly. The latter moved out from under the saw causing appellee to set it abruptly on the floor, causing injury to appellee. At his initial medical examination, appellee complained only of numbness in two fingers of his right hand and pain in the right side of his neck, forearm and shoulder. X-rays were negative and the initial diagnosis was tension on the right cervical plexas with traction to the nerve roots. He was seen by the doctor again on March 31, 1971, and also on April 5, 1971. Appellee did not complain of any pain in his lower back, hip or legs. On the latter occasion, the doctor was of the opinion that appellee was suffering from an anxiety which outweighed any physical disease and opined appellee could return to work between April 5 and 12, 1971. On the latter date, appellee returned to work, but stopped after two days and has not worked since. He has drawn approximately $50.00 a week from his employer as a form of sick pay benefit since his injury. About mid April the appellee commenced going to a chiropractor who allegedly told him that he had a back problem, a "loose vertebrae," his spine was out of line, his hips had shifted and one leg was shorter than the other. No medical testimony supported this hearsay diagnosis by the chiropractor.

Appellee was examined on June 11, 1971, by a Doctor Johnson who, after examination on three occasions, was of the opinion that appellee was not suffering any physical disability or physical problems of any kind, and that appellee's complaints were psychosomatic, but that any psychological problems from which he suffered had no connection with the injury.

On September 10, 1971, appellee was examined by a Doctor Alexander who testified that there were no positive findings, objective physical defects of any kind in the lower extremities or back of the appellee. During the course of motion tests appellee indicated a limitation

in bending forward. However, when appellee was advised of a "knee test" and a leg raising test, he was able to get a ninety degree bend at the hips, which indicated that he should have been able to bend forward to the same extent when his back was tested. The doctor was of the opinion that there was not any serious condition caused by the incident on March 29, 1971, as related by appellee and that he could find no residuals of any such injury.

On November 11, 1971 and March 1, 1972, appellee saw a Doctor Wood. Based on examinations and the history of the injury related by appellee, the doctor concluded that appellee had had a strain of the cervical spine, or neck, a strain in the dorsal spine and a strain in the low back. However, Doctor Wood also was of the opinion that if appellee was seeing a physician following the accident and had failed to complain of pain in the low back within a few days, that probably there was no injury to the back.

The State Board of Workmen's Compensation awarded appellee compensation from the date of his injury, March 29, 1971, until April 12, 1971. The claimant appealed this award to the superior court. The superior court reversed the award and remanded the case to the board for further consideration in accordance with his order. From this order the employer and insurance company appeal. *Held:*

1. The findings of fact and the award of the Board of Workmen's Compensation in the instant case are authorized by the evidence and are binding upon appellate courts. *Travelers Ins. Co. v. Buice,* 124 Ga. App. 626 (185 SE2d 549); *United States Fidelity &c. Co. v. Forrester,* 126 Ga. App. 762, 765 (191 SE2d 787).

The superior court erred in reversing the award of the State Board of Workmen's Compensation.

*Judgment reversed. Eberhardt, P. J., and Stolz, J., concur.*

Argued November 9, 1973 — Decided February 22, 1974.

*Neely, Freeman & Hawkins, Andrew J. Hamilton,* for appellants.

*George & George, William V. George,* for appellee.