## 56534. CLEMENTS v. GEORGIA POWER COMPANY.
## 56535. AEGER v. GEORGIA POWER COMPANY.

MCMURRAY, Judge.

In 1973 Georgia Power Company, owner of Plant Yates in Coweta County, Georgia, was in the process of constructing an addition to said plant. United Engineers

& Constructors, Inc. was an engineering concern with whom Georgia Power Company contracted to construct, engineer and manage certain additions to Plant Yates pursuant to a written contract between the parties.

On June 6, 1973, while employed at this project as boiler-maker riggers, Henry J. Aeger and Richard Clements as employees of United Engineers & Constructors, Inc. fell to their deaths while in the process of constructing a boiler. The wives of the decedents brought separate actions for wrongful death against Georgia Power Company and certain individuals as agents, servants and employees of United Engineers & Constructors, Inc. acting within the scope of their employment, as well as against Commercial Union Insurance Company, which is no longer in the case by reason of an order dismissing it. Service upon the employees was not obtained, and the actions remained against Georgia Power Company.

In certain paragraphs of the petitions plaintiffs alleged the individual defendants were negligent in performance of their duties in supervising, directing, inspecting and permitting the splicing of certain cables used in the rigging which was in violation of the Occupational Safety and Health Act of 1970 (known as OSHA) (29 USC 651) and certain occupational safety standards promulgated by the Secretary of Labor based on OSHA, "in failing to enforce the use of safety belts, life lines, lanyards and to secure the working surface and in not rigging a safety net." Further, defendant Georgia Power Company as owner and occupier of the premises negligently failed to maintain the premises in a safe condition and permitted its contractor, United Engineers & Constructors, Inc., to do such wrongful acts in violation of a duty imposed by OSHA and, "in making a negligent inspection of the work in progress."

Defendant Georgia Power Company answered, denying generally the averments of each complaint, although admitting jurisdiction. In each case it also filed a motion to strike (including other issues) certain paragraphs of each petition with reference to the allegations as to OSHA requirements because same were immaterial, irrelevant, prejudicial and inflammatory

and calculated to confuse and mislead the jury in its consideration of the relevant issues since these allegations by the plaintiffs sought to charge the defendant with violations of OSHA rules as to employers and employees and to charge this defendant with violation of these standards wherein it was not the employer. It also sought to strike language that this defendant had permitted its contractor to do such wrongful acts in violation of the duty imposed by OSHA for the same reasons. Other portions of the respective petitions which the defendant sought to be stricken therefrom are not necessary to be mentioned here inasmuch as they are not involved in this appeal.

The motion to strike was sustained, after a hearing, and the respective petitioners were directed to redraft the petition excluding the language stricken.

After discovery and based upon the pleadings, depositions and certified copy of the contract, the defendant moved for summary judgment showing workers' compensation claims had been paid by the immediate employer of the deceased employees. These motions were sustained, and judgment was rendered against the plaintiffs and in favor of the defendant. Plaintiffs appeal respectively. *Held:*

1. Coverage by workers' compensation of an employee does not prevent a suit against a third person as a wrongdoer causing injury unless the third person is an employee of the employer. Code § 114-103, as amended by Ga. L. 1974, pp. 1143, 1144; *Hotel Equipment Co. v. Liddell,* 32 Ga. App. 590 (1) (124 SE 92); *Ga. Power Co. v. Diamond,* 130 Ga. App. 268 (202 SE2d 704). Exceptions to this rule are such cases involving the loaned servant or borrowed employee rule. See *Pilcher v. Wise Elec. Co.,* 129 Ga. App. 92, 93 (198 SE2d 713); *Forrester v. Scott,* 125 Ga. App. 245 (187 SE2d 323); *U. S. Fidelity &c. Co. v. Forrester,* 126 Ga. App. 762 (191 SE2d 787); s.c., 230 Ga. 182 (196 SE2d 133). Another exception is when the third party is the alter ego of the employer corporation. See such cases as *Vaughn v. Jernigan,* 144 Ga. App. 745, 746 (242 SE2d 482); *Chambers v. Gibson,* 145 Ga. App. 27, 28 (243 SE2d 309).

2. A principal contractor, intermediate contractor,

or subcontractor, "shall be liable for compensation to any employee injured while in the employ of any of his subcontractors engaged upon the subject-matter of the contract, to the same extent as to the immediate employer." Code § 114-112, as amended by Ga. L. 1969, p. 671; *Evans v. Hawkins,* 114 Ga. App. 120 (150 SE2d 324).

Under *Jackson v. J. B. Rush Const. Co.,* 134 Ga. App. 445, 447 (214 SE2d 710), an employee of a subcontractor may not collect workers' compensation from a general contractor under the above statute and then sue the general contractor in tort based on the same injury for which workers' compensation payments were received.

However, in *Blair v. Smith,* 201 Ga. 747 (41 SE2d 133), and *Bli Const. Co. v. Knowles,* 123 Ga. App. 588 (181 SE2d 879), an employee of a subcontractor when the subcontractor is an independent contractor and not an employee within the relationship of master and servant with a third party, may sue in tort the third party as a wrongdoer; aliter, when that employee's (in this case United Engineers & Constructors, Inc.) employer controls or assumes the right to control the time, manner and method of executing the work so as to create the master-servant relationship and not that of employer and independent contractor. See *Davis v. Starrett Bros.,* 39 Ga. App. 422 (147 SE 530); *Yearwood v. Peabody,* 45 Ga. App. 451 (164 SE 901); *Savannah Elec. &c. Co. v. Edenfield,* 118 Ga. App. 531, 532 (164 SE2d 366).

3. In the case sub judice the question for determination is whether or not the defendant Georgia Power Company by its contract with the decedents' employer had assumed the right to control the time, manner and method of executing the work as to create the master-servant relationship by said contract. Under the contract the decedents' employer was the agent for the defendant Georgia Power Company acting as its project manager, engineer and constructor, "being guided by such instructions as you may from time to time give us..." and "... to receive and interpret your requirements for the work; ..." and as engineers to "recommend to you the type and character of materials, equipment and of construction required." The contract also gave Georgia Power

Company full control of the purchase of materials and equipment, the decedents' employer acting as agent for the defendant Georgia Power Company. It is quite clear from the contract that the defendant Georgia Power Company controlled the scope of the work, issued rules and regulations at the site regarding passes, badges, lists of employees and conduct on the property and reserved the right to terminate the employment of this employer after 10 days notice in writing. Indeed the amended petitions admit and contend the defendant "had the right of control over the work" of decedents' employer from which workers' compensation has been received as shown by affidavit. Clearly, the decedents' employer was the servant of the defendant. See *Buffalo Forge Co. v. Southern R. Co.,* 43 Ga. App. 445, 451 (159 SE 301); *Savannah Elec. &c. Co. v. Edenfield,* 118 Ga. App. 531, 532, supra. The trial court did not err in granting summary judgments in favor of the defendant.

4. This ruling renders it unnecessary to review the other enumerations of error with reference to the motions to strike portions of the complaints of the parties.

*Judgments affirmed. Quillian, P. J., and Webb, J., concur.*

SUBMITTED SEPTEMBER 7, 1978 — DECIDED JANUARY 5, 1979— REHEARING DENIED JANUARY 25, 1979 —

*Frank M. Eldridge,* for appellants.
*Lokey & Bowden, Glenn Frick, Gary Hill,* for appellee.