## 47927. PILCHER v. WISE ELECTRIC COMPANY, INC. et al.

QUILLIAN, Judge. P. J. Wise, President and Owner of Wise Electric Company, dispatched two of his employees to the Scott Bedding Company Building. The purpose of their mission was the installation of a fluorescent light fixture. P. J. Wise knew that under normal circumstances installation of such a fixture would require the services of at least three employees, but on a previous occasion Wise had been informed personally by George Scott, President of Scott Bedding Company, that if, in performing a repair or installation for Scott he should ever need the services of extra men, Scott would furnish the employees for him.

After arriving at the Scott Bedding Company Building, the two employees determined that more help would be needed to install the light fixture, and asked David McGrother, the Scott Plant Superintendent, to furnish them with an employee. McGrother replied that he would be glad to and immediately went about the task of procuring a Scott employee to aid them in installing the fixture.

McGrother then approached Donald Alfred Pilcher, a Scott employee, and asked if he would undertake the task, explaining that he was under no obligation to do so and that he could refuse if he so desired. Pilcher willingly agreed to perform the duty and one of the Wise employees instructed him as to the nature of the task he was to perform; Pilcher was to go into the ceiling, position himself directly over the place where the fixture was to be installed, and hold a board in place to which the fixture would be attached. He was then to come down out of the ceiling.

Pilcher held the board in place and was in the process of making his exit from the ceiling when a loud scream was heard. The Wise employees went immediately to the ceiling entrance and observed Pilcher lying flat on his back and gasping for breath. He was approximately fifteen feet from where the light fixture had been installed. They observed that a screw, which held another fixture in place and extended up through a board had torn Pilcher's pants and caused a cut about two inches long in his leg. The light fixture screw that caused this cut was not the one which was being installed but was about fifteen feet away.

An ambulance was called and Pilcher was taken to the Americus-Sumter County Hospital, but he was pronounced dead on arrival. An autopsy performed the following day showed the cause of death to be electrocution.

As a result of Pilcher's death his mother, Mrs. Florrie Pilcher, brought an action against Wise Electric Company, Inc., Wheatly Realty Company, and Scott Bedding Company, Inc., alleging negligence on the part of all three defendants in causing her son's death. Wise Electric Company, Inc., filed a motion to dismiss the complaint alleging (A) that deceased stood in the status of a "borrowed" employee to Wise for Workmen's Compensation purposes (B) that at the time of deceased's death Wise was operating under the coverage of the Georgia Workmen's Compensation Act, and (C) that said Act precludes a common law tort action against employers who are covered by the Act and makes Workmen's Compensation the aggrieved party's exclusive remedy. The motion to dismiss was sustained and from this judgment appellant filed notice of appeal to this court. *Held:*

For the deceased to come within the test of a lent or borrowed employee it must be shown : "(1) that the special master must have complete control and direction of the servant for the occasion; (2) that the general master must have no such control; (3) that the special master must have the exclusive right to discharge the servant, to put another in his place or to put him to other work. *Brown v. Smith,* 86 Ga. 274 (12 SE 411, 22 ASR 456); *Adams v. Johnson,* 88 Ga. App. 94 (1) (76 SE2d 135) and cits." *Fulghum Industries v. Pollard Lumber Co.,* 106 Ga. App. 49, 52 (126 SE2d 432).

The burden was on the appellee to show that the deceased was a borrowed employee and to meet this test it was necessary to show that each and every requirement was proved by the evidence. In the present case there was no evidence that appellee had the authority to put the deceased "to other work." The deceased was requested and agreed only to do one specific task for the appellee, as is shown by the evidence as stated in appellee's brief: "McGrother then approached Donald Alfred Pilcher, a Scott employee, and asked if he would undertake the task, explaining that he was under no obligation to do so and that he could refuse if he so desired. Pilcher willingly agreed to perform the duty, and one of the Wise employees instructed him as to the nature of the task he was to perform; Pilcher was to go into the ceiling, position himself directly over the place where the fixture was to be installed, and hold a board in place to which the fixture would be attached. He was then to come down out of the ceiling."

The sustaining of the motion for summary judgment and dismissing the petition was error.

*Judgment reversed. Bell, C. J., and Deen, J., concur.*

ARGUED FEBRUARY 6, 1973 — DECIDED APRIL 16, 1973 —

94

*Myers & Parks, John R. Parks,* for appellant.
*William E. Smith,* for appellees.