## 62611. PAVUK v. WESTERN INTERNATIONAL HOTELS.

BANKE, Judge.

Alleging that she was sexually assaulted during the course of her employment as a bartender at the Peachtree Plaza Hotel in Atlanta, the appellant sued Peachtree Hotel Company, as owner of the hotel, and appellee Western International Hotels, the corporation responsible for its management, charging them with negligence in failing to keep the premises safe. Western International Hotels acquired its management duties as assignee of an "operating agreement" between Georgia Western Hotel Company, its wholly owned subsidiary, and the owner, Peachtree Hotel Company. This operating agreement gives Georgia Western complete authority to hire, fire, supervise, and direct hotel employees. The assignment agreement between Georgia Western and Western International, transferred all "right, title, and interest" in the operating agreement to Western International but provided that "all personnel with the exception of certain administrative, supervisory, and executive positions shall remain or become employees of Georgia Western, with Georgia Western being reimbursed for all costs and expenses relating to the employment of the said personnel directly from Peachtree [Hotel Company] as contemplated in the operating agreement."

It is conceded by the parties that the appellant is entitled to receive worker's compensation benefits as a result of the incident in question. The issue in this appeal is whether this fact precludes her from maintaining a tort action against Western International. Based on the language of the assignment agreement, the appellant contends that her employer was Georgia Western and not Western International. Consequently, she argues that Code Ann. § 114-103 does not bar her from maintaining this negligence action against Western International. Western International, on the other hand, contends that at all times relative to the incident, the appellant was under its direction and control as a "borrowed servant" and that consequently it is protected by § 114-103. The trial court agreed with Western International and granted its motion for summary judgment. *Held:*

In support of the motion for summary judgment, Western International filed affidavits from two of its officers asserting that since the date the operating agreement was assigned to it, it has performed all management duties and responsibilities involved in the operation of the hotel, including the selection, supervision and control of employees such as the appellant, and that Georgia Western's only function has been to continue to disburse salaries under an arrangement by which it is reimbursed by Peachtree Hotel

Company. There is nothing in the record controverting these assertions, and we must accordingly conclude that the appellant was an employee of Western International. It follows that Western International was entitled to summary judgment under Code Ann. § 114-103, without reference to the "borrowed servant" doctrine set forth in *Pilcher v. Wise Elec. Co.,* 129 Ga. App. 92 (198 SE2d 713) (1973). That doctrine applies where the employee leaves the control of the general master for a particular "occasion." *Id.* at 93. In this case, the appellee's unopposed affidavits establish that it was in supervisory control of the appellant throughout her employment at the hotel.

*Judgment affirmed. Deen, P. J., and Carley, J., concur specially.*

DECIDED OCTOBER 16, 1981.

*James C. Gaulden, Jr.,* for appellant.
*William L. Spearman,* for appellee.

DEEN, Presiding Judge, concurring specially.
"As stated in *Merry Bros. Brick & Tile Co. v. Jackson,* 120 Ga. App. 716, 719 (171 SE2d 924), 'Ordinarily, one is not the servant of two masters, but the courts of this State have recognized the principle that one may be the servant of two masters and subject to the demands of both or either. See *Hotel Equipment Co. v. Liddell,* 32 Ga. App. 590, 592 (124 SE 92); *Allen v. Landers,* 39 Ga. App. 264, 265 (146 SE 794).' Under the facts in the instant case, the deceased could have been found to be the employee of both the general contractor and the subcontractor, or either. Therefore his mother could not recover for his wrongful death in a tort action against the subcontractor . . . *Where the injury sustained is one compensable under the compensation act and both the employer and employee are subject thereto and have not rejected its provisions, a common law suit on account of such injury is not maintainable by the employee against his employer, either general or special. Blue Bell &c. Co. v. Baird,* 61 Ga. App. 298 (6 SE2d 83)." *U. S. Fidelity &c. Co. v. Forrester,* 230 Ga. 182, 184 (196 SE2d 133) (1973). This case overruled *U. S. Fidelity &c. Co. v. Forrester,* 126 Ga. App. 762 (191 SE2d 787) (1972), and the special concurrence in the latter case concurred in by the writer was adopted in the former case. Since the assignment in the case sub judice authorizes a finding that the employee could remain an "employee" of the general master with the "sole" right to discharge by the general master, a fact-finder could determine, under the evidence presented, that the employee was a servant of two masters, general and special, therefore, in any event

precluding a common lawsuit or tort against the general or special master. *U. S. Fidelity &c. Co. v. Forrester,* 230 Ga. 182, supra.

I concur in the judgment of the majority for the reasons set forth in this special concurrence.

CARLEY, Judge, concurring specially.

I concur in the judgment of the majority affirming the grant of summary judgment in favor of appellee Western International Hotels. However, I cannot agree with the majority's rationale for affirming. The basis of the trial court's grant of summary judgment, as articulated in its order, was that under the guidelines set forth in *Pilcher v. Wise Electric Co.,* 129 Ga. App. 92 (198 SE2d 713) (1973) appellant herein was a "borrowed servant" of appellee and, therefore, was precluded from instituting a tort action against appellee under Code Ann. § 114-103. However, the majority holds that we do not have to determine whether appellant was or was not appellee's "borrowed servant." Rather, based upon the affidavits submitted by Western International, the majority concludes, as a matter of law, "that appellant was an employee of Western International." I submit that this analysis ignores the assignment agreement between Georgia Western and Western International specifically providing that someone in appellant's position would "remain or become" an employee of Georgia Western. In this connection, it is to be observed that while appellee vehemently asserts that under Code Ann. § 114-103 it is not subject to appellant's tort suit, appellee does not deny that, technically, appellant remained the "employee" of Georgia Western. Therefore, in view of the agreement which constitutes evidentiary material in the record on summary judgment, I do not see how the majority can, as a matter of law, declare appellant to be an employee of appellee.

However, I do agree with the majority that the uncontroverted assertions of the affidavits are material and dispositive because these affidavits demonstrate that appellant was the "borrowed servant" of appellee as set forth in *Pilcher* and that, therefore, Code Ann. § 114-103 prohibits appellant from suing appellee in tort. Thus, I believe that the trial court's judgment was correct for the very reasons stated by the trial court. While I cannot subscribe to the majority's reasoning, the majority's judgment is correct and I concur in that judgment.