DECIDED NOVEMBER 8, 1982.

*Robert Wilson, District Attorney, Ann Poe Mitchell, Assistant District Attorney,* for appellee.

## 64967. JARRARD v. DOYLE et al.

BANKE, Judge.

This is an appeal by the plaintiff from a judgment entered on a directed verdict for the defendants in a personal injury action. At issue is the applicability of the "borrowed servant rule."

The plaintiff was employed as a painter for the Bon Air Residential Hotel in Augusta, Georgia. On February 9, 1981, he was instructed by his supervisor to assist Larry Doyle, an employee of

Hardy Plumbing Company, Inc., in lifting some pipe to the roof so that some plumbing repairs could be carried out. Hardy plumbing Company, Inc., had been retained by the hotel to perform this work as an independent contractor.

As Doyle was lifting a section of pipe to the roof, it dislodged a piece of concrete which allegedly fell on the plaintiff and injured him. After collecting workers' compensation benefits from the hotel, he sued both Doyle and Hardy Plumbing Company in tort to collect for the same injuries.

The plaintiff testified that his instructions from his supervisor were to "go help Hardy Plumbing Company get some pipes up on the roof so they can do some repair work." During the period that he was assisting in this task, the hotel could have taken him off the project and assigned him to other work at any time. However, it is undisputed that he was under the direction and control of Doyle and Hardy Plumbing Company insofar as his work on this task was concerned. Doyle testified that in the event he had been dissatisfied with the plaintiff's work or no longer needed him, he "could have dismissed him from what I was using him for . . ." *Held:*

1. "[I]n order for an employee to be a borrowed employee, the evidence must show that '(1) the special master had complete control and direction of the servant *for the occasion;* (2) the general master had no such control, and (3) the special master had the exclusive right to discharge the servant.' " *Six Flags Over Georgia, Inc. v. Hill,* 247 Ga. 375, 377 (276 SE2d 572) (1981), quoting *U. S. Fidelity &c. Co. v. Forrester,* 230 Ga. 182, 183 (196 SE2d 133) (1973). (Emphasis supplied.) Each of these criteria is satisfied in this case. Hardy Plumbing Company clearly had the exclusive right to control and direct the plaintiff's work on the particular task in question, as well as to dismiss him from that task for unsatisfactory performance. The plaintiff's contention that Hardy Plumbing must have been empowered to discharge him from all further work at the hotel in order for the third prong of the *Six Flags* test to be met is patently erroneous. Clearly, "the 'right to discharge' that the special master must have means the right to discharge the servant from that particular work." *Fulghum Ind., Inc. v. Pollard Lumber Co.,* 106 Ga. App. 49, 52 (126 SE2d 432) (1962). See also *Bibb Mfg. Co. v. Souther,* 52 Ga. App. 722, 729 (184 SE 421) (1935). It follows that the trial court did not err in concluding as a matter of law that the plaintiff was a borrowed servant and that his claim was consequently barred by Code Ann. § 114-103. See generally *Scott v. Savannah Elec. & Power Co.,* 84 Ga. App. 553, 556-557 (66 SE2d 179) (1954).

2. The remaining enumeration of error, which concerns an evidentiary ruling, is rendered moot by the foregoing.

*Judgment affirmed. McMurray, P. J., and Birdsong, J., concur.*

DECIDED NOVEMBER 8, 1982.

*Edward H. Kellogg, Paul D. Hermann, C. Neal Pope,* for appellant.

*A. Rowland Dye, Thomas W. Tucker,* for appellees.