## 65626. FREEMAN v. PUMPCO, INC.

POPE, Judge.

While working on the construction of a building, appellant Freeman, an employee of the general contractor Pace Construction Company ("Pace"), was injured when a hose attached to a high pressure concrete pump burst, exploding debris into his eyes. Freeman's injury occurred as the hose was in position to conduct the pumped concrete to an upper story of the building where it would be spread and finished by Freeman and several other Pace employees. For his injury, Freeman claimed and received workers' compensation benefits from his employer, Pace.

The pump was owned, provided and maintained by appellee Pumpco, Inc. On the day of Freeman's injury it was being run by two Pumpco employees who were skilled in its operation. No written contract existed between Pace and Pumpco; rather, the arrangement was oral and day-by-day as needed, with Pumpco's charges to Pace based upon the amount of concrete pumped priced per yard. Freeman brought a suit for damages against Pumpco alleging negligence in the maintenance and operation of the pump and hose. After discovery the trial court granted summary judgment to Pumpco, apparently on the basis of the "loaned servant" doctrine.

Freeman contends that the trial court erred in granting summary judgment to Pumpco. Specifically, he asserts that his suit for damages is not barred by the provisions of the Workers' Compensation Act because Pumpco is a third-party tortfeasor and, thus, not entitled to tort immunity under the governing statute OCGA § 34-9-11 (formerly Code Ann. § 114-103). "Coverage by workers' compensation of an employee does not prevent a suit against a third person as a wrongdoer causing injury unless the third person is an employee of the employer. [Cits.] Exceptions to this rule are such cases involving the loaned servant or borrowed employee rule. [Cits.]" *Clements v. Ga. Power Co.,* 148 Ga. App. 745, 747 (252 SE2d

635) (1979).

" 'On a motion for summary judgment the burden of establishing the non-existence of any genuine issue of fact is upon the moving party and all doubts are to be resolved against the movant. The movant has that burden even as to issues upon which the opposing party would have the trial burden, and the moving party's papers are carefully scrutinized, while the opposing party's papers, if any, are treated with considerable indulgence.' [Cit.] *Ham v. Ham,* 230 Ga. 43, 45 (195 SE2d 429) (1973)." *Thebaut v. McCloskey Varnish Co.,* 162 Ga. App. 651, 652 (291 SE2d 398) (1982). The foregoing principles will be applied to determine whether Pumpco has conclusively established that its two employees were loaned servants to Pace at the time of Freeman's injury.

The "loaned servant test" consists of the following three elements: "(1) that the special master [Pace] must have complete control and direction of the servant for the occasion; (2) that the general master [Pumpco] must have no such control; (3) that the special master must have the exclusive right to discharge the servant, to put another in his place or to put him to other work." *Fulghum Industries v. Pollard Lumber Co.,* 106 Ga. App. 49, 52 (126 SE2d 432) (1962). The issue of the right to control the two Pumpco employees relates specifically to the occasion when Freeman's injury occurred. See *Six Flags Over Ga. v. Hill,* 247 Ga. 375 (1) (276 SE2d 572) (1981).

Pumpco points to the affidavit of its vice-president, Gary Nichols, to show that its employees were loaned to Pace at the time of Freeman's injury. The affidavit recites that, on the job site at all pertinent times, the Pumpco employees were under the complete control and supervision of Pace, and no official of Pumpco had the right to control the location, time, manner or method by which the employees accomplished their work for Pace. Further, the affidavit states that "in the event of dissatisfaction with said Pumpco employees, officials with Pumpco would not have questioned the immediate on-site decision of Pace supervisors to remove said employees from the job site."

At the outset, we note that " '[u]ltimate or conclusory facts and conclusions of law, as well as statements made on belief or "on information and belief" cannot be utilized on a summary judgment motion.' 10 Wright & Miller, Federal Practice and Procedure, 695-696, § 2738 (1973)." *Dickson v. Dickson,* 238 Ga. 672, 674 (235 SE2d 479) (1977). Moreover, the evidence of record simply does not support Nichols' statements. By deposition, Sam Ellison, Pace's construction superintendent on the date of Freeman's injury, testified that the only direct control he would have on the construction site would be over people who worked for Pace and were

on Pace's payroll. The two employees in question were paid by Pumpco. Ellison also testified that, in the event of a problem with the Pumpco employees accomplishing their task, he would have called Pumpco to request that they be removed from the job site. Most significantly, when asked if he had the responsibility or duty to fire the Pumpco employees if they were "doing wrong," Ellison replied that he did not. He further stated that he did not have the right to put them to any other kind of work.

In light of Ellison's testimony and construing the evidence most strongly against Pumpco and most favorably for Freeman on this motion for summary judgment, we cannot hold as a matter of law that Pumpco has shown its two employees to be "loaned servants" to Pace. See *Charter Builders v. Sims Crane Service,* 150 Ga. App. 100 (2a) (256 SE2d 678) (1979). Cf. *Six Flags Over Ga. v. Hill,* supra. As there remain genuine issues as to material facts, summary judgment was erroneously granted.

*Judgment reversed. Quillian, P. J., and Sognier, J., concur.*

DECIDED JULY 6, 1983.

*John A. Vincenzi,* for appellant.
*Michael T. Bennett, D. Keith Calhoun, Sidney F. Wheeler,* for appellee.