## 66371. BOSCH v. PERRY et al.

SOGNIER, Judge.

Sandra and Robert Perry sued Dr. C. W. Bosch and William C. Galloway for personal injuries received by Mrs. Perry while she was on duty as a licensed practical nurse in the emergency room of Parkway Regional Hospital. Dr. Bosch, a physician with staff privileges at Parkway, entered the Parkway emergency room at approximately 5:00 a.m. with Galloway and a third person to obtain treatment for Galloway, who had suffered a chin laceration. Mrs. Perry was standing in the treatment room where Dr. Bosch was attempting to inject Galloway with a local anesthetic preparatory to

suturing the wound. Galloway raised up suddenly from the treatment table and swinging his arms, struck Mrs. Perry, throwing her against a wall. The Perrys allege that both Galloway and Dr. Bosch were intoxicated at the time and that their negligence caused the resulting injury to Mrs. Perry's back.

Dr. Bosch moved for summary judgment as to all of the Perrys' claims. The Perrys moved for partial summary judgment as to Dr. Bosch's defense that their tort action was barred by Mrs. Perry's recovery of workers' compensation benefits as a result of her injury. The trial court denied Dr. Bosch's motion and granted the Perrys' motion for partial summary judgment. Dr. Bosch appeals.

1. Appellant contends that the trial court erred by granting appellees' motion for partial summary judgment and by denying appellant's motion on the issue of whether appellees were barred from maintaining a tort action by OCGA § 34-9-11 (Code Ann. § 114-103). We agree with appellant's contentions that the borrowed servant doctrine operates to extend immunity from tort liability to the special master of an injured borrowed servant who has received workers' compensation benefits. See generally, *Freeman v. Pumpco, Inc.,* 167 Ga. App. 312 (306 SE2d 385) (1983); *Jarrard v. Doyle,* 164 Ga. App. 339 (297 SE2d 301) (1982). Thus, a special master employing a borrowed servant who is a general servant of a general master is not such a third person against whom a common law action will lie under the provisions of OCGA § 34-9-11 (Code Ann. § 114-103). *Scott v. Savannah Elec. &c. Co.,* 84 Ga. App. 553, 557-558 (66 SE2d 179) (1951). See *Clements v. Ga. Power Co.,* 148 Ga. App. 745, 747 (1) (252 SE2d 635) (1979). Therefore, we must now consider appellant's contention that Mrs. Perry was his borrowed servant.

The test for borrowed servants requires: "(1) that the special master must have complete control and direction of the servant for the occasion; (2) that the general master must have no such control; (3) that the special master must have the exclusive right to discharge the servant, to put another in his place or to put him to other work. [Cits.]" *Fulghum Indus. v. Pollard Lumber Co.,* 106 Ga. App. 49, 52 (126 SE2d 432) (1962). The issue of the right to control a borrowed servant relates specifically to the *occasion* when the injury occurred. *Six Flags Over Ga. v. Hill,* 247 Ga. 375, 377 (276 SE2d 572) (1981); *Freeman,* supra at 313.

The evidence disclosed that Mrs. Perry was an employee of the hospital; she was assigned by the hospital to work in the emergency room; she was paid by the hospital; and her working hours were set by the hospital. Appellant stated by affidavit that during the "occasion" of assisting him in the treatment of Galloway in the emergency room, Mrs. Perry was under his direct charge and control. However, the

hospital administrator testified by deposition that even while a nurse is assisting a physician in the emergency room and the physician has the duty of supervising the nurse in the medical care of the patient, the hospital does not relinquish control of the nurse.

While we have an apparent conflict in the evidence as to fulfillment of the first requirement of the borrowed servant test, we find no conflict as to the second element, as the evidence adduced on motion for summary judgment established that the hospital retained control over Mrs. Perry, even while she assisted appellant.

Initially, Mrs. Perry and a registered nurse were both present in the treatment room for the purpose of assisting appellant. However, after eye contact and gestures between the two nurses, the registered nurse left the treatment area to telephone her supervisor and to report that appellant did not appear capable of suturing Galloway due to appellant's intoxication. The incident in which Mrs. Perry alleges she was injured occurred while this telephone conversation was taking place. Thus, although Mrs. Perry did not immediately abandon her post in the treatment area, the evidence establishes without contradiction that even before she received any injury, she and the other emergency room nurse had acted in concert to withdraw from the control of appellant and to place themselves under the control of their employer, the hospital.

After being knocked against the wall by Galloway, Mrs. Perry left the treatment area, and both she and the registered nurse refused to return. Their refusal to return was apparently with the approval of their superiors, who advised them to do nothing to aggravate the situation. During the course of the episode, the two nurses contacted or received advice and direction from the nursing supervisor on duty, the assistant director of nursing, and the hospital administrator.

Thus, it conclusively appears under the particular facts and circumstances of the instant case, that the hospital retained and exercised control and direction over the nurses while they were assisting appellant. See *Charter Builders v. Sims Crane Serv.,* 150 Ga. App. 100, 103 (256 SE2d 678) (1979). Cf. *Six Flags,* supra at 378. The second requirement of the borrowed servant test, of which all three elements must be established (*Charter Builders,* supra at 102 (2) (a); *Pilcher v. Wise Elect. Co.,* 129 Ga. App. 92, 93 (198 SE2d 713) (1973)), has not been satisfied. It is therefore unnecessary for us to determine whether issues of fact remain as to the first and third elements of the test.

As Mrs. Perry was not a borrowed servant of appellant, appellees were not barred from maintaining an action in tort against appellant as a third-party tortfeasor. *Avis Truck Rental v. Coggins,* 129 Ga. App. 81, 82 (198 SE2d 716) (1973); OCGA § 34-9-11 (Code Ann. §

114-103). The trial court did not err in denying appellant's motion for summary judgment as to this issue and granting appellees' motion for partial summary judgment.

2. Appellant next contends that the trial court erred by denying his motion for summary judgment because his negligence, if any, was not the proximate cause of appellee's injuries. We do not agree.

" ' "Where a defendant's negligence sets in operation other causal forces which are the direct, natural, and probable consequences of that negligence, he may be held liable for injuries caused by the other forces; and where two concurrent causes naturally operate in causing an injury, there may be a recovery against both or either of the actors." [Cit.] The chain of causation is not broken by an intervening act which is a normal reaction to the stimulus of a situation created by negligence. [Cit.]' " *Higdon v. Ga. Winn-Dixie,* 112 Ga. App. 500, 502-503 (145 SE2d 808) (1965). " ' "In order for a party to be liable as for negligence, it is not necessary that he should have been able to anticipate the particular consequences which ensued. It is sufficient, if in ordinary prudence he might have foreseen that some injury would result from his act or omission, or that consequences of a generally injurious nature might result. [Cits.]" ' (Cit.)" *Lewis v. Harry White Ford,* 129 Ga. App. 318, 320 (3) (199 SE2d 599) (1973).

Mrs. Perry deposed that as appellant was about to inject Galloway with an anesthetic, it appeared to her, and ostensibly to Galloway, that appellant was about to stick Galloway in the eye with the needle. It was at this point that Galloway sat up suddenly and knocked Mrs. Perry against the wall. Appellant argues that any questions of fact as to this occurrence are resolved by Galloway's affidavit stating he did not see the needle coming toward his eye and did not even know he was about to receive an injection. However, in answers to interrogatories, Galloway stated that he was "about half unconscious" at the time and that he did not recall striking Mrs. Perry.

Questions of negligence, diligence, contributory negligence, and proximate cause are, except in plain, palpable, and indisputable cases, solely for jury determination. *Batchelor v. ABC Booking, Inc.,* 135 Ga. App. 440, 441 (3) (218 SE2d 124) (1975); *Wakefield v. A. R. Winter Co.,* 121 Ga. App. 259, 260 (174 SE2d 178) (1970). Whether appellant's actions were the proximate cause of Mrs. Perry's injury was a question properly left for jury resolution. The trial court did not err in denying appellant's motion for summary judgment on this issue.

3. Appellant finally contends that the trial court erred by denying his motion for summary judgment because appellees are

barred from maintaining their action by the doctrines of assumption of the risk and avoidance of the consequences of others' negligence. Appellant relies upon evidence that Mrs. Perry was aware that appellant and Galloway were intoxicated; that she was aware as well that Galloway, a very large man, was boisterous and kept trying to get off the stretcher; that she had dealt with uncooperative and intoxicated patients on prior occasions; and that she did not use restraints on Galloway, although she was authorized to do so without physician's orders.

Questions of negligence and assumption of the risk, except in plain, palpable, and indisputable cases, may not be decided on summary judgment. *Hull v. Mass. Mut. Life Ins. Co.,* 142 Ga. App. 269, 270 (235 SE2d 601) (1977). See *Kitchens v. Winter Co. Builders,* 161 Ga. App. 701 (1) (289 SE2d 807) (1982). Mrs. Perry could not be said to have assumed the risk as a matter of law. *Jones v. Crown Constr. Co.,* 152 Ga. App. 578, 580 (263 SE2d 460) (1979). The trial court did not err in denying appellant's motion for summary judgment on this issue.

*Judgment affirmed. Quillian, P. J., and Pope, J., concur.*

DECIDED NOVEMBER 9, 1983 —
REHEARING DENIED NOVEMBER 28, 1983 —

*David R. Autry,* for appellant.
*Thomas W. Thrash, Jr., Earl J. Van Gerpen,* for appellees.