## 75007. UNDERWOOD v. BURT.
(364 SE2d 100)

BANKE, Presiding Judge.

Burt, a carpenter, was injured when the scaffolding from which he was working fell as it was being rolled to another location by a fellow employee and tipped over a loose two-by-four. He received workers' compensation from Rooker Construction Company, the prime contractor and the company then carrying him on its payroll. He then sued CC & B, the subcontractor, and Underwood, a CC & B employee who was the job supervisor and the one alleged by Burt to have overseen the erection of the scaffolding. Summary judgment was granted to CC & B but denied to Underwood. We then granted Underwood's application for an interlocutory appeal.

While Burt was carried on the payroll of Rooker at the time of the injury, he was working under the direction of CC & B's job supervisor, Underwood, and there was no supervisor for Rooker on site. At other times and on other projects, Burt had been carried on CC & B's payroll. On the project where Burt was injured, Rooker and CC & B had a written subcontract for CC & B to provide construction management for Rooker, the property owner and prime contractor. Rooker and CC & B shared officers and sometimes worked together on various projects, although CC & B also did work for other general contractors. When the two worked together, CC & B moved all of its carpenters to Rooker's payroll; however, Underwood always remained on CC & B's payroll.

In responding to the motions for summary judgment filed by CC & B and Underwood, Burt conceded that CC & B was entitled to immunity pursuant to the "loaned servant/loaned employee" doctrine. See *United States Fidelity &c. Co. v. Forrester*, 230 Ga. 182 (196 SE2d 133) (1973); *Bosch v. Perry*, 169 Ga. App. 28, 29 (1) (311 SE2d 481) (1983). The question before us is whether, if Burt is considered a "loaned employee" to CC & B, Underwood must be considered an "employee of the same employer" within the contemplation of OCGA § 34-9-11, so as to preclude suit against him as a third-party tortfeasor.

Section 34-9-11 provides that "[t]he rights and the remedies granted to an employee by this chapter shall exclude all other rights and remedies of such employee . . . at common law or otherwise, on account of such injury . . . ; provided, however, that no employee shall be deprived of any right to bring an action against any third-party tortfeasor, *other than an employee of the same employer*. . . ." (Emphasis supplied.) The last phrase was added to the statute by Ga. Laws 1974, pp. 1143, 1144. The trial court, relying on *Long v. Marvin M. Black Co.*, 250 Ga. 621 (300 SE2d 150) (1983), held that Burt and Underwood were not employees of the same em-

ployer within the contemplation of the code section. *Held*:

Both workers were clearly working under the direct control and supervision of the same employer at the time the injury occurred. Indeed, Underwood was Burt's immediate supervisor on the job. We hold that, under such circumstances, the two must be considered employees of the same employer within the contemplation of OCGA § 34-9-11. Accord *Jarrard v. Doyle*, 164 Ga. App. 339 (297 SE2d 301) (1982). See also *Bexley v. Southwire Co.*, 168 Ga. App. 431, 432 (1) (309 SE2d 379) (1983).

By definition, a borrowed servant is, at least temporarily, the *actual* employee of the "borrowing employer." For example, the borrowing employer would presumably bear vicarious liability for the acts of the borrowed servant precisely because those acts are performed for his benefit and under his direction and supervision. A borrowed servant is, then, even though temporarily, "an employee of the same employer" of any regular employee of the borrowing employer. Borrowed servants have been held by other jurisdictions to be fellow servants of the regular employees of the borrowing employer. See *Forrester v. Kuck*, 579 P2d 756 (Mont. 1978); *Peterick v. State of Wash.*, 589 P2d 250 (Wash. App. 1978); *Spanja v. Thibodaux Boiler Works*, 2 S2d 668 (La. App. 1941). For these reasons, we hold in the present case that Underwood was entitled to summary judgment on Burt's claim.

The Supreme Court's decision in *Long v. Marvin M. Black Co.*, supra, does not compel a contrary result, since the immunity provided by OCGA § 34-9-11 was invoked in that case on the basis of the "statutory employer" theory rather than the "loaned employee" theory. In other words, the two employees involved in that case were not working under the control and supervision of the same employer when the accident occurred, but were merely working on the same construction project.

*Judgment reversed. Birdsong, C. J., Deen, P. J., McMurray, P. J., Carley, Sognier, and Pope, JJ., concur. Benham and Beasley, JJ., dissent.*

BEASLEY, Judge, dissenting.

I respectfully dissent.

While Burt agreed that CC & B was covered by the immunity provided by the "loaned servant/loaned employee" doctrine, see *United States Fidelity &c. Co. v. Forrester*, 230 Ga. 182 (196 SE2d 133) (1973), and *Bosch v. Perry*, 169 Ga. App. 28, 29 (1) (311 SE2d 481) (1983), this does not dispose of the issue before us.

The fact that Burt is considered a "loaned employee" to CC & B for purposes of determining CC & B's immunity, does not mean that Underwood is thereby an "employee of the same employer" as provided in OCGA § 34-9-11, so as to preclude suit against him as a

third-party tortfeasor.

The trial court's reliance on *Long v. Marvin M. Black Co.*, 250 Ga. 621 (300 SE2d 150) (1983), in holding that the two were not employees of the same employer was appropriate. While it is true that *Long*'s holding dealt with the statutory employer theory, the underpinnings of that theory and the loaned employee theory are very similar, if not identical. Both are intended to provide coverage for injured employees by providing more than one employer from which workers' compensation benefits may be claimed. OCGA § 34-9-8 does this by statutorily providing that any principal, intermediate, or subcontractor may be looked to for coverage by an injured employee of any subcontractor, even though there is, in fact, no employer-employee relationship between the employee and the entity responsible, if the actual employer does not provide coverage. *Wright Assoc. v. Rieder*, 247 Ga. 496, 497 (1) (277 SE2d 41) (1981). Similarly, the "loaned servant/loaned employee" theory, based on the common law, also allows an injured employee to look for coverage to the employer to whom he is loaned by his actual employer, as well as to his actual employer, under certain specific circumstances. *Six Flags Over Ga. v. Hill*, 247 Ga. 375, 377 (1) (276 SE2d 572) (1981); *United States Fidelity &c. Co. v. Forrester*, supra; *Scott v. Savannah Elec. &c. Co.*, 84 Ga. App. 553 (66 SE2d 179) (1951).

In *Long*, an employee of Westinghouse Electric Company, a subcontractor to Marvin M. Black Company, was injured when an employee of Black discharged a .22 caliber staple gun into his leg. The sucontractor's employee collected workers' compensation from it and then sued the general contractor and its employee. Black was held to be covered by the statutory employer's immunity provided in *Wright Assoc. v. Rieder*, supra. The Supreme Court refused to extend the immunity to Black's employee, holding that "the words 'employee of the same employer' do not apply when, as here, the injured employee is an employee of a subcontractor which paid compensation benefits and the alleged tortfeasor is an employee of the principal contractor. The General Assembly used the words 'the same employer,' not the words 'the immediate, intermediate or principal employer.' While this result follows from the words of the statute, it also follows from the rationale underlying our decision in *Rieder*. There we explained that 'The quid pro quo for the statutory employer's potential liability is immunity from tort liability.' [Cit.] An employee of a statutory employer does not have any potential liability for workers' compensation payments. Thus, there is no quid pro quo, no reason to relieve him of liability for his negligence . . . . The General Assembly, however, chose to provide immunity to 'an employee of the same employer.' [Cits.] We decline to expand that amendment to encompass employees of a statutory employer which did not pay compensation bene-

fits." *Long v. Marvin M. Black Co.*, supra at 623.

Likewise, if the legislature had intended to disallow suits by a "borrowed employee" against an employee of his "special master," it could have so indicated. In the present case, as in *Long*, the company whose employee seeks to be immunized is the company which did not pay compensation benefits.

Based on *Long*, I would disapprove *Jarrard* to the degree that it immunized the employee of the borrowing employer, as well as *Bexley v. Southwire Co.*, 168 Ga. App. 431, 432 (1) (309 SE2d 379) (1983), insofar as it relies on *Jarrard*.

I am authorized to state that Judge Benham joins in this dissent.

DECIDED DECEMBER 4, 1987 —
REHEARING DENIED DECEMBER 17, 1987 —

*T. Cullen Gilliland, John B. Austin*, for appellant.
*Donald D. Smith*, for appellee.