A00A0468. DEPARTMENT OF VETERANS SERVICES
v. ROBINSON et al.
(536 SE2d 617)

RUFFIN, Judge.

The issue in this appeal is whether the Georgia Department of Veterans Services (the "Department") has a nondelegable duty to care for veterans in this state. If so, this Court must decide whether the Department may be held liable for the negligent acts of an independent contractor which breaches the State's duty or whether such claim is barred under the doctrine of sovereign immunity. We conclude that the Department does not have a nondelegable duty to care for veterans and reverse.

William Robinson, a veteran, resided at the Georgia State War Veterans' Home (the "Home"), a nursing home for veterans. Central State Hospital, a division of the Department of Human Resources,

originally operated this Home for the Department. In April 1996, however, the Department contracted with Pruitt Corporation to manage and operate the Home. Pruitt, in turn, assigned the contract to its affiliate, Priva-Trends, Inc.

While Mr. Robinson was under Priva-Trends' care, he suffered a broken hip as a result of a fall in January 1997. He also suffered a broken femur, but the cause of this injury is unknown. Following surgery for the broken femur, Mr. Robinson died. His wife, Norma Robinson, sued Pruitt, Priva-Trends, and the Department, alleging that Pruitt and Priva-Trends negligently, recklessly, or wilfully caused the death of her husband. Robinson alleged that the Department was liable because its duty to care for her husband was nondelegable. In its answer, the Department asserted that the complaint against the Department should be dismissed because any alleged negligent acts were committed by an independent contractor.

Robinson moved for partial summary judgment on the Department's "independent contractor defense,"[1] arguing that the Department has a statutorily imposed duty to care for veterans and could not escape liability for breaching that duty. The trial court agreed, ruling that the Department "had a non-delegable duty to care for and support the patients at the Georgia War Veterans Home." Thus, the trial court granted summary judgment in favor of Robinson on the Department's independent contractor defense, and this appeal ensued.

Under the Georgia Constitution, "sovereign immunity extends to the state and all of its departments and agencies."[2] This immunity may be waived only by a legislative act "which specifically provides that sovereign immunity is thereby waived and the extent of such waiver."[3] Implied waivers of the State's immunity are not favored.[4]

In the Georgia Tort Claims Act ("GTCA"),[5] the legislature expressly waived the State's sovereign immunity "for the torts of state officers and employees while acting within the scope of their official duties or employment."[6] However, the definition of state officer or employee "does not include an independent contractor doing business with the state."[7] Thus, the Department is not liable for the

---

[1] Although both parties and the trial court refer to the defense as the "independent contractor defense," the defense, in fact, is that the State is immune from suit under the doctrine of sovereign immunity.

[2] Ga. Const. of 1983, Art. I, Sec. II, Par. IX (e).

[3] Id.

[4] *City of Atlanta v. Gilmere*, 252 Ga. 406, 409 (314 SE2d 204) (1984).

[5] OCGA § 50-21-20 et seq.

[6] OCGA § 50-21-23 (a).

[7] OCGA § 50-21-22 (7).

acts or omissions of Pruitt Corporation or Priva-Trends.[8]

Robinson argues that a different rule applies if the State has a nondelegable duty. According to Robinson, the GTCA must be read in pari materia with general tort law under which an employer may be liable for the negligence of a contractor "[i]f the wrongful act is the violation of a duty imposed by statute."[9] Robinson asserts that the case of *Williams v. Dept. of Corrections*[10] stands for the proposition that OCGA § 51-2-5 (4) creates such a waiver of immunity.

In *Williams*, a prisoner sued the Department of Corrections for injuries sustained in a tractor accident. Williams' supervisor at the time of the accident was arguably an independent contractor. This Court held that,

> Even if [the supervisor] was determined to be an independent contractor of the state, the Department [of Corrections] could still be responsible for his negligence. Generally, an employer is not liable for the negligence of an independent contractor; however, exceptions exist when the work to be done involves a nondelegable duty which is dangerous to others no matter how carefully performed, when the work is a violation of a duty imposed by statute, or in other limited instances.[11]

Thus, if the Department had a nondelegable duty to care for veterans, Robinson argues that the Department is liable. We disagree.

As an initial matter, we are not persuaded that the State has a duty to care for its veterans. Although OCGA § 38-4-1 et seq. authorizes the Department to provide aid and assistance to veterans, we see nothing in the statutory framework that makes providing such aid and assistance a mandatory duty. Even if there is such a duty, it is delegable.

In finding the existence of a "nondelegable, affirmative duty to protect the health and safety of prisoners" in *Williams*,[12] this Court cited OCGA § 42-2-11 (c), which provides that the Board of Corrections "shall adopt rules governing the assignment, housing, working, feeding, clothing, treatment, discipline, rehabilitation, training, and hospitalization of all inmates coming under its custody." Although

---

[8] On appeal from a grant of summary judgment, we view the facts in the light most favorable to the nonmovant. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). Thus, for purposes of our analysis, we assume that both Pruitt Corporation and Priva-Trends are, in fact, independent contractors.

[9] OCGA § 51-2-5 (4).

[10] 224 Ga. App. 571 (481 SE2d 272) (1997).

[11] (Punctuation omitted.) Id. at 574-575.

[12] Id. at 575.

that statute does not expressly say that the State's duty to care for its prisoners is nondelegable, we reasoned that it was against the public interest to allow the State to delegate its duty when it had restrained prisoners' liberty and rendered them unable to care for themselves.

Here, however, there is no reason why the State cannot delegate its duty to care for veterans. Robinson points to OCGA § 38-4-52, which provides that "[t]he facilities of the Georgia State War Veterans' Home shall be under the control and administration of the Veterans Service Board." But nothing in that statute prohibits the Department from delegating the day-to-day operation of the nursing home for veterans. Moreover, OCGA § 38-4-53 allows the Department to expend its funds "in any manner *whatsoever* for the care and support of disabled war veterans."[13] This broad grant of authority includes the power to contract with other entities to operate nursing homes. And, unlike in *Williams*, it is not against the public interest to allow the Department to delegate its duties to veterans because the Department is not confining veterans against their will and prohibiting them from obtaining care elsewhere.

Accordingly, the Department does not have a nondelegable duty to care for its veterans, and the trial court erred in concluding otherwise. It follows that the Department properly contracted with an independent contractor to run the nursing home. Although the State has waived its immunity for the torts of its officers and employees, this waiver does not extend to independent contractors doing business with the State.[14] Thus, the trial court erred in concluding that the Department could not avail itself of the independent contractor defense.

*Judgment reversed. Andrews, P. J., and Ellington, J., concur.*

DECIDED JULY 10, 2000 ▮

*Thurbert E. Baker, Attorney General, Kathleen M. Pacious, Deputy Attorney General, Loretta L. Pinkston, Senior Assistant Attorney General, Richard N. Sheinis, Jennifer D. Roorbach, Assistant Attorneys General, for appellant.*

*Freeman, Mathis & Gary, T. Bart Gary, Jefferson M. Allen, Hall, Booth, Smith & Slover, Timothy H. Bendin, Karl M. Braun, Jonathan Marigliano, for appellees.*

---

[13] (Emphasis supplied.)
[14] OCGA §§ 50-21-22 (7); 50-21-23 (a).