S04G0817. JOHNSON et al. v. GEORGIA DEPARTMENT OF HUMAN RESOURCES et al.

(606 SE2d 270)

BENHAM, Justice.

Appellant Parthenia Johnson is the mother of a 15-year-old child who died due to accidental electrocution in 1995 while living at Broken Shackle Ranch pursuant to a placement agreement with the

Georgia Department of Human Resources (DHR) and the Department of Juvenile Justice (DJJ), in whose custody the Juvenile Court of Douglas County had placed the child. In her capacity as the mother of the deceased child and as the administratrix of his estate, Ms. Johnson filed a lawsuit seeking damages for wrongful death and pain and suffering against DHR, DJJ, and Broken Shackle. A jury returned a $3,000,000 verdict in favor of Ms. Johnson. After judgment was entered on that verdict, DHR and DJJ filed an appeal in the Court of Appeals contending the trial court erred when it denied motions to dismiss and for directed verdict based on sovereign immunity immunizing DHR and DJJ from suit. In a whole-court decision, the Court of Appeals unanimously concluded sovereign immunity had not been waived by the State and reversed the entry of judgment against DHR and DJJ. *Dept. of Human Resources v. Johnson*, 264 Ga. App. 730 (592 SE2d 124) (2003). We granted Ms. Johnson's petition for a writ of certiorari to examine whether the Court of Appeals erred in concluding DHR and DJJ were immune from suit.

1. As noted by the Court of Appeals, under the Georgia Constitution, the sovereign immunity of the State may be waived only as provided by the Legislature in a tort claims act or an act of the Legislature which specifically provides that sovereign immunity is waived and sets forth the extent of such waiver. 1983 Ga. Const., Art. I, Sec. II, Par. IX (a), (e); *Youngblood v. Gwinnett Rockdale Newton Community Svc. Bd.*, 273 Ga. 715 (2) (545 SE2d 875) (2001); *Dept. of Human Resources v. Johnson*, supra, 264 Ga. App. at 731-733. We agree with the Court of Appeals that the Georgia Tort Claims Act waives the State's sovereign immunity for the torts of state employees while acting within the scope of their employment and that GTCA's statutory definition of "employee," which includes foster parents and excludes corporations and independent contractors doing business with the State, keeps Broken Shackle from being an employee of the State since it is a corporation. Id. at 734; OCGA §§ 50-21-23 (a); 50-21-22 (7).

2. In its opinion, the Court of Appeals went on to hold that, even if Broken Shackle were an unincorporated independent contractor, DHR and DJJ could not be held liable for the negligence of an employee of Broken Shackle under OCGA § 51-2-5, which holds employers liable for the negligence of contractors in certain instances, because OCGA § 51-2-5 cannot act as a waiver of sovereign immunity since it does not contain statutory language "which specifically provides that sovereign immunity is thereby waived and the extent of such waiver." 1983 Ga. Const., Art. I, Sec. II, Par. IX (e). *Dept. of Human Resources v. Johnson*, supra, 264 Ga. App. at 734. The Court of Appeals then repeated its concern, first voiced in *Williams v. Dept. of Corrections*, 224 Ga. App. 571, 575 (481 SE2d 272) (1997),

that the State "should be responsible for its 'duty to protect the safety and health of state inmates' and that it should not 'be relieved of this duty by employing independent contractors[,]' " but deemed itself without authority to address this issue. (Punctuation omitted.) *Dept. of Human Resources v. Johnson,* supra, 264 Ga. App. at 736.

We disagree with the premise of the Court of Appeals's concern — that the State "has a nondelegable duty to protect the safety and health of state inmates that cannot be relieved by employing independent contractors." *Williams v. Dept. of Corrections,* supra, 224 Ga. App. at 575. The State has constitutional responsibilities to those held in its control — in *Estelle v. Gamble,* 429 U. S. 97 (97 SC 285, 50 LE2d 251) (1976), the U. S. Supreme Court recognized that the Eighth Amendment's prohibition against cruel and unusual punishment requires the States to provide adequate medical care to incarcerated prisoners; in *Youngberg v. Romeo,* 457 U. S. 307 (102 SC 2452, 73 LE2d 28) (1982), the Supreme Court ruled that the substantive component of the Due Process Clause of the Fourteenth Amendment to the U. S. Constitution requires the States to provide involuntarily-committed mental patients with services as are necessary to ensure their reasonable safety from themselves and others. Thereafter, the Court explained in *DeShaney v. Winnebago County Dept. of Social Svcs.,* 489 U. S. 189, 199-200 (109 SC 998, 103 LE2d 249) (1989), that "when the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being." While the constitutional obligation to avoid the imposition of cruel and unusual punishment is nondelegable (*West v. Atkins,* 487 U. S. 42, 56 (108 SC 2250, 101 LE2d 40) (1988)), a complaint of negligence does not state a constitutional violation for which a State might be liable under 42 USC § 1983 "merely because the victim is a prisoner." *Estelle v. Gamble,* supra, 429 U. S. at 106-107. DHR and DJJ have meaningful statutory responsibilities for children placed in their custody, and they satisfy those responsibilities by exercising reasonable care in the selection and supervision of their independent contractors. *Herbert v. District of Columbia,* 716 A2d 196 (D.C. Ct. of App. 1998). See also *Thomas v. Harris County,* 30 SW3d 51 (Ct. App. Tex. 2000) (Texas Tort Claims Act exempted from the definition of State "employee" an independent contractor, its agents and employees). But see *Medley v. North Carolina Dept. of Correction,* 330 N.C. 837 (412 SE2d 654) (1992) (under North Carolina Tort Claims Act which covers acts of "agent of the State," State's nondelegable duty to provide adequate medical services to inmates makes State liable for physician's negligence). "If liability without fault should be imposed on the taxpayers in circumstances of the kind presented by this record, this should be effected by the legislature, not the courts."

*Herbert v. District of Columbia*, supra, 716 A2d at 201. The Georgia General Assembly has spoken by removing from the pool of State employees covered by the Georgia Tort Claims Act independent contractors and corporations, and by failing to include in OCGA § 51-2-5 a waiver of sovereign immunity.

3. Relying on the Georgia Tort Claims Act's definition of "employee" that expressly includes "foster parent" as an employee for whose negligence the State's sovereign immunity is waived, appellant contends the Court of Appeals erred when it determined that Broken Shackle's employee was not a foster parent but a child-care institution's employee. *Dept. of Human Resources v. Johnson*, supra, 264 Ga. App. at 736-737. The Georgia Tort Claims Act does not provide a definition of "foster parent." In the absence of a definition of the term within the GTCA, we "look diligently for the intention of the General Assembly. . . ." OCGA § 1-3-1 (a). We believe the General Assembly meant by its use of "foster parent" in GTCA that which it meant when it defined the term in a statute seeking to protect children placed in day-care centers or child-caring institutions. See OCGA § 49-5-60. There, the General Assembly defined "foster parent or parents" as "the person or persons who provide care, lodging, supervision, and maintenance in a foster care home used by a child-placing agency." OCGA § 49-5-60 (11). "Foster care home" is defined as "a private home used by a child-placing agency . . . to provide 24 hour care, lodging, supervision, and maintenance for no more than six children who are unrelated to the foster parent or parents." OCGA § 49-5-60 (10). Since, as noted by the Court of Appeals, Broken Shackle did not meet the statutory definition of "foster home" contained in OCGA § 49-5-60 (10), Broken Shackle's employee did not meet the definition of "foster parent" and therefore did not fall within the statutory definition of an "employee" for whose negligence the State has waived its sovereign immunity in the Georgia Tort Claims Act.

The Court of Appeals did not err when it reversed the judgment entered against DHR and DJJ.

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 22, 2004.

*Phears & Moldovan, H. Wayne Phears, Victor L. Moldovan, Christopher J. McFadden*, for appellants.

*Thurbert E. Baker, Attorney General, Jennifer L. Dalton, Assistant Attorney General, Perrie & Cole, Robert L. Bunner, Spivey, Carlton & Edenfield, J. Franklin Edenfield*, for appellees.

*David A. Webster, Edmonds & Jones, Craig T. Jones*, amici curiae.