A08A1823. GEORGIA PINES COMMUNITY SERVICE BOARD
v. SUMMERLIN et al.

(673 SE2d 582)

DOYLE, Judge.

Marilyn Lee Summerlin sued Georgia Pines Community Service Board for the wrongful death of her 18-year-old son, George Clayton Summerlin. The trial court granted Georgia Pines's motion for summary judgment on the basis of insufficiency of service of process,

---

[2] *Erickson v. Christenson*, 99 Ore. App. 104, 107 (781 P2d 383) (Or. Ct. App. 1989).

and we reversed in *Summerlin v. Ga. Pines Community Svc. Bd.*[1] Upon remittitur, Georgia Pines moved to dismiss on grounds of sovereign immunity, and the trial court denied the motion. Following our grant of its application for interlocutory appeal, Georgia Pines appeals from the trial court's order denying its motion to dismiss and argues that the trial court erred in determining that torts committed by borrowed servants of the State during the course of their employment are subject to a waiver of sovereign immunity. For the reasons set forth below, we agree that the trial court's conclusion was erroneous and reverse.

The record shows that in July 2001, the decedent was admitted to an intensive treatment residence owned and operated by Georgia Pines. Before his admission, the decedent was diagnosed with mild mental retardation and a schizoaffective disorder. He was found dead in his room at the residential facility on the morning of August 27, 2001, having passed away during the night. According to the autopsy report, the decedent was "discovered lying partially on his bed and partially pressed up against a nearby wall." The medical examiner found the cause of death to be asphyxiation and the manner of death to be accidental.

At the time of the decedent's death, ATC Health Care Services, Inc. ("ATC"), had contracted with Georgia Pines to provide persons to fill positions at the residential facility. Carlos Hernandez and Charlie Whiddon were included among the persons provided by ATC to Georgia Pines under the professional services agreement and placed at the residential facility. Summerlin maintained that Whiddon failed to ensure that the decedent ingested his anti-seizure medication and that Hernandez failed to perform visual bed checks, thus contributing to the decedent's death.

Georgia Pines moved to dismiss the complaint on the grounds that the individuals about whose acts Summerlin complained were not State officers or employees and that the State's sovereign immunity had not been waived for any harm resulting from their alleged actions.[2] Summerlin responded that the workers were "borrowed servants" and therefore actual employees of Georgia Pines.

---

[1] 278 Ga. App. 831 (630 SE2d 115) (2006). The judgment of this Court was affirmed by the Supreme Court of Georgia in *Ga. Pines Community Svc. Bd. v. Summerlin*, 282 Ga. 339 (647 SE2d 566) (2007).

[2] Georgia Pines also moved to dismiss on the grounds that all of Summerlin's claims were barred by the "discretionary function exception" of the Georgia Tort Claims Act and that her claim of negligent administration of the decedent's medication was barred for failure to include the claim in her ante litem notice. In denying the motion to dismiss, the trial court found that the tortious acts alleged in the case were not discretionary functions and that the ante litem notice was sufficient; neither of these rulings is challenged by Georgia Pines.

The trial court subsequently denied Georgia Pines's motion to dismiss. Georgia Pines assigns error to the trial court's conclusion that torts committed by workers who could be categorized as borrowed servants of the State and committed during the course of employment are subject to a waiver of sovereign immunity.

> We review de novo a trial court's denial of a motion to dismiss based on sovereign immunity grounds, which is a matter of law. However, factual findings by the trial court in support of its legal decision are sustained if there is evidence authorizing them, and the burden of proof is on the party seeking the waiver of immunity.[3]

As the parties acknowledge, Georgia Pines is a community service board created pursuant to OCGA § 37-2-1 et seq. and is a State department or agency entitled to raise the defense of sovereign immunity.[4]

> [S]overeign immunity extends to the state and all of its departments and agencies. The sovereign immunity of the state and its departments and agencies can only be waived by an Act of the General Assembly which specifically provides that sovereign immunity is thereby waived and the extent of such waiver.[5]

Pursuant to this authority, the General Assembly enacted the Georgia Tort Claims Act ("GTCA"),[6] which provides:

> The state waives its sovereign immunity for the torts of state officers and employees while acting within the scope of their official duties or employment and shall be liable for such torts in the same manner as a private individual or entity would be liable under like circumstances; provided, however, that the state's sovereign immunity is waived subject to all exceptions and limitations set forth in this article.[7]

Further, "[t]he state waives its sovereign immunity only to the

---

[3] (Citations omitted.) *Dept. of Human Resources v. Johnson*, 264 Ga. App. 730, 731 (592 SE2d 124) (2003).

[4] See *Youngblood v. Gwinnett Rockdale Newton Community Svc. Bd.*, 273 Ga. 715, 716 (1) (545 SE2d 875) (2001).

[5] Ga. Const. of 1983, Art. I, Sec. II, Par. IX (e).

[6] OCGA §§ 50-21-20 to 50-21-37.

[7] OCGA § 50-21-23 (a).

extent and in the manner provided in this article. . . ."[8]

"State officer or employee," as defined in OCGA § 50-21-22 (7),

> means an officer or employee of the state, elected or appointed officials, law enforcement officers, and persons acting on behalf or in service of the state in any official capacity, whether with or without compensation, but the term does not include an independent contractor doing business with the state.[9]

In light of the foregoing, if Hernandez and Whiddon were employees of Georgia Pines, then Georgia Pines's sovereign immunity is subject to waiver for their actions within the scope of employment. It is undisputed, however, that Hernandez's and Whiddon's services were provided to Georgia Pines by ATC under a professional services agreement. Although not necessarily dispositive, we note that Georgia Pines and ATC contracted, among other things, that "all personnel assigned to [Georgia Pines] pursuant to this Agreement will be employees of ATC." As Georgia Pines points out, we have consistently held there is no waiver of the State's sovereign immunity for acts or omissions of employees of a private corporation or independent contractor.[10]

The trial court nevertheless rejected Georgia Pines's claim that the case should be dismissed as to the alleged acts of negligence committed by Hernandez and Whiddon, concluding that torts committed by "borrowed servants" of the State are subject to a waiver of sovereign immunity because borrowed servants are deemed employees of the borrowing employer.[11] We conclude this was error.

---

[8] OCGA § 50-21-23 (b).

[9] OCGA § 50-21-22 (7) further defines "state officer or employee" to include any natural person who is a member of a board, commission, committee, task force, or similar body established to perform specific tasks or advisory functions, with or without compensation, for the state or a state government entity, and any natural person who is a volunteer participating as a volunteer, with or without compensation, in a structured volunteer program organized, controlled, and directed by a state government entity for the purposes of carrying out the functions of the state entity. . . . Except as otherwise provided for in this paragraph, the term shall not include a corporation whether for profit or not for profit, or any private firm, business proprietorship, company, trust, partnership, association, or other such private entity.

[10] See *In re Carter*, 288 Ga. App. 276, 285 (2) (653 SE2d 860) (2007); *Johnson*, 264 Ga. App. at 732-736 (1); *Lewis v. Ga. Dept. of Human Resources*, 255 Ga. App. 805, 808 (567 SE2d 65) (2002); *Dept. of Veterans Svcs. v. Robinson*, 244 Ga. App. 878, 879-880 (536 SE2d 617) (2000).

[11] Implicit in the trial court's ruling is that Summerlin could show that Hernandez and Whiddon were borrowed servants of Georgia Pines. Georgia Pines questions whether the terms of the professional services agreement allows such a characterization, but we need not reach

Under a typical scenario, to determine "which of two masters is liable for the negligence of a servant,"[12] we compare the worker's relationship to the general master (the lending employer) and the special master (the borrowing employer). Generally, a worker is deemed a borrowed servant employed by the special master, and the special master is liable for the worker's torts,[13] if: "(1) the special master had complete control and direction of the servant for the occasion; (2) the general master had no such control[;] and (3) the special master had the exclusive right to discharge the servant."[14]

However, this analysis does not control whether a worker is considered "a state officer or employee" for purposes of the GTCA. "Our constitution and the GTCA provide that the state has sovereign immunity from tort liability unless it is *explicitly* waived by our legislature."[15] "[U]nder the Georgia Constitution, the sovereign immunity of the State may be *waived only as provided by the Legislature* in a tort claims act or an act of the Legislature which *specifically provides* that sovereign immunity is waived and sets forth the extent of such waiver."[16] Because the definition of "state officer or employee" in the GTCA fails to explicitly include "borrowed servants" (and agents of the State), we hold that the General Assembly has failed to designate borrowed servants as State employees for purposes of the GTCA.[17]

While we are sympathetic to the argument that the workers at issue here were *functioning* as employees in the context of this case, it is not within the province of this Court to debate the wisdom of the policy judgments of the General Assembly, which has waived the State's immunity only to the extent of certain acts by "employees"

---

this issue.

[12] *Tim's Crane &c., Inc. v. Gibson*, 278 Ga. 796, 798 (604 SE2d 763) (2004).

[13] See id.

[14] (Punctuation omitted.) *Odum v. Superior Rigging &c. Co.*, 291 Ga. App. 746, 748 (662 SE2d 832) (2008).

[15] (Emphasis in original.) *Johnson*, 264 Ga. App. at 736 (1).

[16] (Emphasis supplied.) *Johnson v. Ga. Dept. of Human Resources*, 278 Ga. 714, 715 (1) (606 SE2d 270) (2004).

[17] Summerlin also argues that the Federal Tort Claims Act, 28 USC § 2671 et seq. ("FTCA"), is similar to the GTCA and provides persuasive authority contrary to Georgia Pines's position. However, she cites no case law holding that a borrowed servant of the federal government is necessarily an employee of the United States for purposes of the FTCA. Further, the FTCA defines "employee of the government" to include persons "temporarily or permanently in the service of the United States," 28 USC § 2671, language absent from the GTCA but cited by the United States District Court for the District of South Dakota in the unpublished decision *Necklace v. United States*, No. 06-4274, LEXIS 84806, at *20 (Dist. S.D. Nov. 14, 2007), the case primarily relied on by Summerlin. "It is thus necessary to look at the Georgia language on its own terms, and not simply to defer to federal cases construing a substantially different statute." *Dept. of Human Resources v. Coley*, 247 Ga. App. 392, 396 (544 SE2d 165) (2000).

and not other workers not explicitly named in the statute.[18] We note, for example, that the GTCA originally defined "state officer or employee" to include "agents" of the State, but the Act was amended to remove agents from that definition in 1994.[19] This evinces an intent to waive immunity only as to actual State employees, and not those who merely act on behalf of the State, or those whom the State merely directs.[20] As a matter of our State's constitution, "[t]he sovereign immunity of the state and its departments and agencies can only be waived by an Act of the General Assembly which specifically provides that sovereign immunity is thereby waived and the extent of such waiver."[21] In light of this context, we decline to expand the scope of waiver beyond what the General Assembly has made explicit in the GTCA statute.

We reached a similar conclusion in *Johnson*,[22] where we held that the trial court erred in concluding that contractors could be considered employees of the State under the law of respondeat superior set forth in OCGA § 51-2-5.[23] Thus, even if the circumstances dictate that a typical, nonstate master might be liable for a contractor's tort, the status of the contractor did not change for purposes of sovereign immunity waiver, which does not include independent contractors.

Moreover, we are unpersuaded by the argument that, because a borrowed servant is treated as an "employee" for purposes of the workers' compensation statute (OCGA § 34-9-11),[24] the same worker should be considered an "employee" as defined in the GTCA. Absent an explicit waiver of sovereign immunity, we will not deem immunity to be waived by virtue of analogy here.

Therefore, because the definition of "state officer or employee" in the GTCA fails to explicitly include the term "borrowed servant or employee" and fails to include agents of the State, we hold that the General Assembly has failed to designate borrowed servants as State employees for purposes of the GTCA. It follows that the trial court

---

[18] See *City of Jesup v. Bennett*, 226 Ga. 606, 609 (2) (176 SE2d 81) (1970) ("where the language of an Act is plain and unequivocal, judicial construction is not only unnecessary but is forbidden").

[19] See Ga. L. 1994, p. 1717, § 10.

[20] Cf. *Johnson*, 264 Ga. App. at 736 (1).

[21] Ga. Const. of 1983, Art. I, Sec. II, Par. IX (e).

[22] *Johnson*, 264 Ga. App. at 735-736 (1).

[23] To the extent that we held otherwise in *Williams v. Dept. of Corrections*, 224 Ga. App. 571 (481 SE2d 272) (1997), we explained in *Johnson* that the *Williams* holding is limited to cases arising prior to the 1994 amendment to the GTCA, which was "the same time agents of the state were dropped from the present definition. . . ." *Johnson*, 264 Ga. App. at 736 (1).

[24] *Underwood v. Burt*, 185 Ga. App. 381 (364 SE2d 100) (1987), aff'd, *Burt v. Underwood*, 258 Ga. 207 (367 SE2d 230) (1988).

erred in concluding that the State's sovereign immunity was subject to waiver for Hernandez's and Whiddon's acts and in denying Georgia Pines's motion to dismiss on this ground.

*Judgment reversed. Andrews, P. J., and Bernes, J., concur.*

DECIDED FEBRUARY 12, 2009

*Thurbert E. Baker, Attorney General, Jennifer L. Dalton, Assistant Attorney General,* for appellant.

*Conley Griggs, Cale Conley, Richard A. Griggs, C. Frederick Overby,* for appellees.