S09G0980. SUMMERLIN et al. v. GEORGIA PINES
COMMUNITY SERVICE BOARD.

(690 SE2d 401)

THOMPSON, Justice.

Appellant Marilyn Summerlin, in her capacity as the mother of 18-year-old George Summerlin and the administratrix of his estate, filed a wrongful death action against Georgia Pines Community Service Board (the board), for the wrongful death of her son. At the time of his death, George was a patient at Georgia Pines, a residential facility for the care and treatment of individuals with mental illness, mental retardation, and addiction. Summerlin alleges in her complaint that Carlos Hernandez and Charles Whiddon, health care workers working at Georgia Pines pursuant to the board's use of an outside staffing company, negligently cared for her son and that their negligence caused his death. Summerlin also asserts that Hernandez and Whiddon were employees of the board, thus rendering the board liable for their negligent acts and omissions. After filing its answer, the board moved to dismiss the complaint based on sovereign immunity, claiming that under the Georgia Tort Claims Act, OCGA § 50-21-20 et seq., immunity is waived only for the acts of "state employees" and that Hernandez and Whiddon were borrowed servants, not employees of the state. The trial court denied the motion and the Court of Appeals reversed, holding that borrowed servants are not state employees for purposes of the Georgia Tort Claims Act. *Georgia Pines Community Svc. Bd. v. Summerlin*, 296 Ga. App. 32, 36-38 (673 SE2d 582) (2009). We granted Summerlin's petition for certiorari to the Court of Appeals to consider what constitutes an "employee" as that term is used in OCGA § 50-21-22 (7), and to determine the scope of the Act's waiver of sovereign immunity.

1. OCGA § 50-21-23 (a) of the Georgia Tort Claims Act waives the sovereign immunity of the state for torts committed by state officers or employees acting within the scope of their official duties or employment, and provides that the state "shall be liable for such torts in the same manner as a private individual or entity would be liable under like circumstances," subject to the exceptions and limitations set forth in the Act. There is no dispute here that the board is a state agency for which sovereign immunity has been waived and that as a state agency it is liable for the negligent acts of its employees. *Youngblood v. Gwinnett Rockdale Newton Community Svc. Bd.*, 273 Ga. 715 (1) (545 SE2d 875) (2001); OCGA § 50-21-23 (a). The question in this case is whether Hernandez and Whiddon, as alleged borrowed servants, come within the definition of a "state employee" so as to render the board liable for their negligence.

2. OCGA § 50-21-22 (7) defines a "[s]tate officer or employee"

in pertinent part as

> an officer or employee of the state, elected or appointed officials, law enforcement officers, and persons acting on behalf or in service of the state in any official capacity, whether with or without compensation, but the term does not include an independent contractor doing business with the state.

Thus, as pertinent to this appeal,[1] the Act defines a "state employee" as an "employee" of the state.[2] This tautological definition provides no specific or detailed definition of who is an "employee" as contemplated in the Act. In the absence of such a definition, we must look diligently for the intention of the General Assembly. OCGA § 1-3-1 (a).

The General Assembly is presumed to enact all statutes with full knowledge of the existing condition of the law and with reference to it. *Higdon v. City of Senoia*, 273 Ga. 83, 86 (538 SE2d 39) (2000). The meaning and effect of a statute "[are] to be determined in connection, not only with the common law and the Constitution, but also with reference to other statutes and decisions of the courts." *Plantation Pipe Line Co. v. City of Bremen*, 227 Ga. 1, 9 (178 SE2d 868) (1970). When the General Assembly enacted OCGA § 50-21-22 (7), it was aware of the common law definition of the term "employee" as well as established jurisprudence holding that borrowed servants are employees of the borrowing employer. See *Six Flags Over Georgia v. Hill*, 247 Ga. 375 (1) (276 SE2d 572) (1981) (discussing borrowed servant rule); *Brown v. Smith & Kelly*, 86 Ga. 274, 276-277 (12 SE 411) (1890) (same); *Underwood v. Burt*, 185 Ga.

---

[1] Summerlin does not contend that Hernandez and Whiddon fall within any of the other identified categories of "state employees" such as elected or appointed officials, law enforcement officers, members of a board or commission, or volunteers in a structured volunteer program. For purposes of this appeal, therefore, we consider only whether a borrowed servant comes within the definition of a "state employee."

[2] OCGA § 50-21-22 (7) further provides:

... The term state officer or employee also includes any natural person who is a member of a board, commission, committee, task force, or similar body established to perform specific tasks or advisory functions, with or without compensation, for the state or a state government entity, and any natural person who is a volunteer participating as a volunteer, with or without compensation, in a structured volunteer program organized, controlled, and directed by a state government entity for the purposes of carrying out the functions of the state entity. This shall include any health care provider and any volunteer when providing services pursuant to Article 8 of Chapter 8 of Title 31. An employee shall also include foster parents and foster children. Except as otherwise provided for in this paragraph, the term shall not include a corporation whether for profit or not for profit, or any private firm, business proprietorship, company, trust, partnership, association, or other such private entity.

App. 381, 382 (364 SE2d 100) (1987) (borrowed servant is, at least temporarily, actual employee of borrowing employer). See also 27 AmJur2d Employment Relationship § 377 (borrowed servant rule); Restatement Second, Agency, § 227 ("A servant directed or permitted by his master to perform services for another may become the servant of such other in performing the services"); Black's Law Dictionary (6th ed.) (defining "employee" in part as "[a] person in the service of another under any contract of hire, express or implied, oral or written, where the employer has the power or right to control and direct the employee in the material details of how the work is to be performed"). By electing not to include a separate definition of the term "employee" within the Tort Claims Act, we conclude the General Assembly intended courts to apply the legal definition of that term as developed under common law and our existing jurisprudence. Accordingly, we hold that encompassed within OCGA § 50-21-23 (a)'s waiver of immunity for all "state employees acting within the scope of their official duties" is a concomitant specific waiver of immunity for torts committed by borrowed servants acting within the scope of their official duties on behalf of the state.

Construing the statute as a whole confirms this interpretation. The tautological language in the first part of OCGA § 50-21-22 (7) stands in stark contrast to the statute's subsequent language specifically identifying additional categories of persons to be included within the statute's waiver of immunity. See OCGA § 50-21-22 (7) (providing that the term "state officer or employee" shall *also* include, inter alia, certain board members, commissioners, volunteers, health care providers, and foster parents). Subsequent language also makes clear the General Assembly's intent to exclude certain individuals and entities from the definition of a "state employee or officer" by expressly excluding from that definition independent contractors, corporations, private firms, companies, trusts, partnerships, associations or other such private entities. Id. Had the General Assembly intended to attribute a narrower or more specific meaning to the term "employee" so as to exclude borrowed servants, it could have done so.

The Court of Appeals determined that the General Assembly must have intended to exclude borrowed servants from the waiver of immunity because there is no language in OCGA § 50-21-22 (7) expressly including borrowed servants within the definition of a "state employee." We disagree. First, the legislature included nothing in the language of OCGA § 50-21-22 (7) to indicate an intent to deviate from the traditional definition of "employee" which has for at least a century contained within its purview borrowed servants. Second, it would be illogical for the General Assembly to have so clearly intended to waive immunity for all "state employees" but for

this Court to conclude that individuals coming within the traditional definition of an "employee," including borrowed servants, must be excluded from the waiver of immunity because the legislature failed to provide a definition of that term.

Finally, the Court of Appeals erred in failing to give any weight to the legal principles regarding borrowed servants and the definition attributed to the term "employee" for purposes of the workers' compensation statute. *Georgia Pines Community Svc. Bd.*, supra, 296 Ga. App. at 37. See, e.g., *Six Flags Over Georgia*, supra, 247 Ga. 375 (1) and *United States Fidelity & Guaranty Co. v. Forrester*, 230 Ga. 182 (196 SE2d 133) (1973) (borrowed servants included within definition of "employee" for purposes of workers' compensation statute). The meaning and effect of a statute must always be determined with reference to and consideration of other statutes and decisions of the courts. *Higdon*, supra, 273 Ga. at 86. The borrowed servant rule, which is applied in the context of the tort doctrine of respondeat superior, as well as the definition attributed to the term "employee" under other statutory provisions, has obvious import in the construction of the same term within the Tort Claims Act. See *Hoffman v. Wells*, 260 Ga. 588 (2) (397 SE2d 696) (1990) (borrowed servant rule is exception to tort doctrine of respondeat superior); *Underwood v. Burt*, supra, 185 Ga. App. at 381, 382, aff'd, *Burt v. Underwood*, 258 Ga. 207 (367 SE2d 230) (1988) (recognizing tort principles and determining that borrowed servant is an employee of employer for purposes of workers' compensation statute). See also *Farmer v. Ryder Truck Lines*, 245 Ga. 734 (266 SE2d 922) (1980) (in determining whether the relationship of master and servant prevails in workers' compensation case, same principles that exist under common law tort principles obtain). Moreover, the fact that borrowed servants have been included within the definition of an "employee" in other legal areas is proof of how ingrained the borrowed servant doctrine is in our jurisprudence.

Because we conclude that borrowed servants are included within the definition of an "employee" for purposes of the Tort Claims Act, we hold that the Court of Appeals erred by reversing the trial court's denial of the board's motion to dismiss.

*Judgment reversed. All the Justices concur.*

DECIDED MARCH 1, 2010.

*Conley Griggs, Cale Conley, Richard A. Griggs, C. Frederick Overby*, for appellants.

*Thurbert E. Baker, Attorney General, Kathleen M. Pacious, Deputy Attorney General, Jennifer L. Dalton, Loretta L. Pinkston,*

*Senior Assistant Attorneys General*, for appellee.